# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

TIMOTHY JONES aka THADAS JASPER aka
PAMELA JONES,

          Plaintiff,

    v.

ROBERT WHITE

and

JOHN CAULFIELD,  Warden
Central Corporation of America
(CCA)
1901 E. Street, SE
Washington, DC 20003

and

JOHN DOE
1901 E. Street, SE
Washington, DC 20003

and

CENTRAL TREATMENT FACILITY
(CTF)
1901 E. Street, SE
Washington, DC 20003

and

CENTRAL CORPORATION OF AMERICA
(CCA)
10 Burton Hill Blvd.
Nashville, TN 37215
Serve:  CT Corporation
      1025 Vermont Ave.
      Washington, DC 20005

and

Civil Action No.

1727851.1

THE DISTRICT OF COLUMBIA
441 4th Street, NW
Washington, DC 20001,

                    Defendants.

## NOTICE OF REMOVAL

Defendants, District of Columbia and Corrections Corporation of America (CCA),

through counsel gives notice of removal of the above-captioned case, 2006 CA 0008354 B, from

the Superior Court of the District of Columbia, to this Court, and in support thereof, assert:

1.     On or about November 16, 2006, an action was commenced against

Defendants in the Superior Court of the District of Columbia, under the caption, <u>Timothy Jones</u>

<u>v. Robert White, et al</u>, 2006 CA 0008354 B.  Copies of all documents filed in that lawsuit are

attached hereto as Exhibit A.  A copy of the Notice of Filing of Removal that will be filed in

Superior Court of the District of Columbia is attached hereto as Exhibit B.

2.     Defendant, District of Columbia, was served with the initial Complaint on

November 30, 2006.

3.     Defendant, CCA, was served with an Amended Complaint on December

19, 2006.

4.     Upon information and belief, Warden Caulfield and Robert White have

not been served.

5.     This Notice of Removal is being filed within 30 days after Defendants

District of Columbia and CCA received the Complaint and Amended Complaint and is,

therefore, timely filed under 28 U.S.C. § 1446(b).  Defendants have consented to removal.

1727851.1

6.     The lawsuit filed in Superior Court of the District of Columbia alleges violation of Plaintiff's civil rights under 42 U.S.C. § 1983.  Plaintiff also makes claims of assault and battery, intentional infliction of emotional distress, false imprisonment and negligence. Thus, jurisdiction is proper under 28 U.S.C. § 1441 and 28 U.S.C. § 1331.

WHEREFORE, Defendants District of Columbia and CCA respectfully request that the above action now pending in Superior Court of the District of Columbia be removed to this Court.

Dated:  this 2nd day of January, 2007.

JONES, SKELTON & HOCHULI, P.L.C.

Daniel P. Struck, Bar No. 012377
Jennifer L. Holsman, Bar No. 022787
2901 North Central Avenue, Suite 800
Phoenix, AZ 85012
Telephone:     (602) 263-7100
Facsimile:     (602) 263-1784
Attorneys for Defendants District of Columbia and CCA.

CARR MALONEY P.C.
c/o Paul Maloney, Bar #362533
Mariana Brava, Bar # 473809
Colleen Durbin: Bar # 500039
1615 L St. NW Ste. 500
Washington, DC 20036

ORIGINAL of the foregoing filed
this 2nd day of January, 2007, with:

Clerk
U. S. District Court
District of Columbia
Washington, D.C.

1727851.1

Copy of the foregoing mailed this 2nd
day of January, 2007, to:

Khadijah R. Ali, Esq.
The Law Offices of Khadjah R. Ali, P.C.
216 G. Street, N.E.
Washington, D.C. 20002

_____

1727851.1

JS-44
(Rev.1/05 DC)

# CIVIL COVER SHEET

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Timothy Jones aka Thadas Jasper aka Pamela Jones | Robert White, John Caufield, Warden Central Corporation of America (CCA)(sic); John Doe, CCA of Tennessee, LLC; The District of Columbia |
| (b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF    District of Columbia<br>(EXCEPT IN U.S. PLAINTIFF CASES) | COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT    District of Columbia<br>(IN U.S. PLAINTIFF CASES ONLY)<br>NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED |
| (c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)<br><br>Khadjah R. Ali, Esq., The Law Offices of Khadjah R. Ali, P.C., 216 G St., NE, Washington, D.C. | ATTORNEYS (IF KNOWN)<br><br>Daniel P. Struck and Jennifer L. Holsman, c/o Jones, Skelton & Hochuli, 2901 N. Central Avenue, # 800, Phoenix, AZ 85012 and Paul Maloney, Mariana Brava and Colleen Durbin, c/o Carr Maloney P.C., 1615 L St., NW Ste. 500, Washington, D.C. 20036 |

## II. BASIS OF JURISDICTION

(PLACE AN x IN ONE BOX ONLY)

- ◯ 1 U.S. Government Plaintiff
- ⦿ 3 Federal Question (U.S. Government Not a Party)
- ◯ 2 U.S. Government Defendant
- ◯ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

| | PTF | DFT | | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ⦿ 1 | ◯ 1 | Incorporated or Principal Place of Business in This State | ◯ 4 | ⦿ 4 |
| Citizen of Another State | ◯ 2 | ◯ 2 | Incorporated and Principal Place of Business in Another State | ◯ 5 | ◯ 5 |
| Citizen or Subject of a Foreign Country | ◯ 3 | ◯ 3 | Foreign Nation | ◯ 6 | ◯ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT

(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

**◯ A. Antitrust**
- ☐ 410 Antitrust

**◯ B. Personal Injury/ Malpractice**
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Medical Malpractice
- ☐ 365 Product Liability
- ☐ 368 Asbestos Product Liability

**◯ C. Administrative Agency Review**
- ☐ 151 Medicare Act

Social Security:
- ☐ 861 HIA ((1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g)
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g)

Other Statutes
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

**◯ D. Temporary Restraining Order/Preliminary Injunction**

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

**◯ E. General Civil (Other)**    OR    **◯ F. Pro Se General Civil**

Real Property
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent, Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

Personal Property
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

Bankruptcy
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

Prisoner Petitions
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☒ 550 Civil Rights
- ☐ 555 Prison Condition

Property Rights
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

Federal Tax Suits
- ☐ 870 Taxes (US plaintiff or defendant
- ☐ 871 IRS-Third Party 26 USC 7609

Forfeiture/Penalty
- ☐ 610 Agriculture
- ☐ 620 Other Food &Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 RR & Truck
- ☐ 650 Airline Regs
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

Other Statutes
- ☐ 400 State Reapportionment
- ☐ 430 Banks & Banking
- ☐ 450 Commerce/ICC Rates/etc.
- ☐ 460 Deportation

- ☐ 470 Racketeer Influenced & Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Satellite TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 900 Appeal of fee determination under equal access to Justice
- ☐ 950 Constitutionality of State Statutes
- ☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ○ G. *Habeas Corpus/ 2255* | ○ H. *Employment Discrimination* | ○ I. *FOIA/PRIVACY ACT* | ○ J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ○ K. *Labor/ERISA (non-employment)* | ○ L. *Other Civil Rights (non-employment)* | ○ M. *Contract* | ○ N. *Three-Judge Court* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**

○ 1 Original Proceeding   ◉ 2 Removed from State Court   ○ 3 Remanded from Appellate Court   ○ 4 Reinstated or Reopened   ○ 5 Transferred from another district (specify)   ○ 6 Multi district Litigation   ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)**

42 U.S.C. 1983; Assault and battery, intentional infliction of emotional distress, false imprisonment and negligence

**VII. REQUESTED IN COMPLAINT**   ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23   **DEMAND $** _____   Check YES only if demanded in complaint

**JURY DEMAND:**   YES ☒   NO ☐

**VIII. RELATED CASE(S) IF ANY**   (See instruction)   YES ☐   NO ☒   If yes, please complete related case form.

DATE _____   SIGNATURE OF ATTORNEY OF RECORD _____

## INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44
### Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.      COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.      CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.      CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.      CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.      RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.

**SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA**
**CIVIL DIVISION**

| | |
|---|---|
| TIMOTHY JONES aka THADAS JASPER aka<br>PAMELA JONES<br>290 Taylor Street, NE<br>Washington, DC 20032, | C.A. No. 0008354-06 |
| Plaintiff, | **NOTICE OF FILING REMOVAL** |
| v. | |
| ROBERT WHITE | |
| and | |
| JOHN CULFIELD,  Warden<br>Central Corporation of America<br>(CCA)<br>1901 E. Street, SE<br>Washington, DC 20003 | |
| and | |
| JOHN DOE<br>1901 E. Street, SE<br>Washington, DC 20003 | |
| and | |
| CTF<br>1901 E. Street, SE<br>Washington, DC 20003 | |
| and | |
| CCA of TENNESSEE, LLC<br>10 Burton Hill Blvd.<br>Nashville, TN 37215<br>Serve:  CT Corporation<br>          1025 Vermont Avenue<br>          Washington, DC 20005 | |
| and | |

THE DSITRICT OF COLUMBIA
441 4th Street, NW
Washington, DC 20001,

                Defendants.

       Defendants, District of Columbia and Corrections Corporation of America, through

counsel, hereby notify this Court that, pursuant to 28 U.S.C. # 1983, *et seq.*, they have filed a

Notice of Removal of this action to the United States District Court for the District of Columbia.

A copy of the Notice of Removal is attached hereto as Exhibit A.

       Dated: January _____, 2007

                          JONES, SKELTON & HOCHULI, P.L.C.
                          Jennifer L. Holsman, Bar No. 022787
                          2901 North Central Avenue, Suite 800
                          Phoenix, Arizona  85012
                          Telephone:    (602) 263-1700
                          Facsimile:    (602) 263-1784

                          _____

                          Daniel P. Struck, Bar No. 012377
                          Attorneys for Defendants District of Columbia
                          and Corrections Corporation of America

                          CARR MALONEY P.C.
                          c/o Paul Maloney, Bar #362533
                          Mariana Brava, Bar # 473809
                          Colleen Durbin: Bar # 500039
                          1615 L St. NW Ste. 500
                          Washington, DC 20036

Original and one copy of the
foregoing mailed this _____ day of
_____, 2007, to:

Clerk
Superior Court for the District of Columbia
H. Carl Moultrie Courthouse
500 Indiana Avenue, N.W., Room JM-170
Washington, D.C. 20001

Copy of the foregoing mailed this _____
day of _____, 2007, to:

Khadijah R. Ali, Esq.
The Law Offices of Khadjah R. Ali, P.C.
216 G. Street, N.E.
Washington, D.C. 20002


_____

# EXHIBIT A

ATT: ALICE ROGAN

Received
11 Dec 06
DeRoul

**THE SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
Civil Division

November 27, 2006

CASE NAME: TIMOTHY JONES Vs. ROBERT WHITE et al

CASE NO.   2006 CA 008354 B

The above-captioned Civil Actions case has been scheduled for Scheduling Conference Hearing on the date and time shown below. All parties shall appear before Judge MELVIN R WRIGHT

HEARING DATE: Friday, March 02, 2007

TIME: 9:30 am

LOCATION: 500 Indiana Avenue N.W.
Courtroom 200
WASHINGTON, DC 20001

PLEASE BRING THIS NOTICE WITH YOU WHEN YOU APPEAR.

Civil Division



# SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

TIMOTHY JONES
Vs.
ROBERT WHITE

C.A. No.          2006 CA 008354 B

## INITIAL ORDER

Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("SCR Civ") 40-I, it is hereby **ORDERED** as follows:

(1) Effective this date, this case has assigned to the individual calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption. On filing any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along with the original.

(2) Within 60 days of the filing of the complaint, plaintiff must file proof of serving on each defendant: copies of the Summons, the Complaint, and this Initial Order, and any General Order issued by the judge to whom the case is assigned. As to any defendant for whom such proof of service has not been filed, the Complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendant has been extended as provided in SCR Civ 4(o).

(3) Within 20 days of service as described above, except as otherwise noted in SCR Civ 12, each defendant must respond to the Complaint by filing an Answer or other responsive pleading. As to the defendant who has failed to respond, a default and judgment will be entered unless the time to respond has been extended as provided in SCR Civ 55(a).

(4) At the time and place noted below, all counsel and unrepresented parties shall appear before the assigned judge at an Initial Scheduling and Settlement Conference to discuss the possibilities of settlement and to establish a schedule for the completion of all proceedings, including, normally, either mediation, case evaluation, or arbitration. Counsel shall discuss with their clients **prior** to the conference whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this Conference.**

(5) Upon advice that the date noted below is inconvenient for any party or counsel, the Quality Review Branch (202) 879-1750 may continue the Conference **once**, with the consent of all parties, to either of the two succeeding Fridays. Request must be made not less than six business days before the scheduling conference date. No other continuance of the conference will be granted except upon motion for good cause shown.

Chief Judge Rufus G. King, III

Case Assigned to: Judge MELVIN R WRIGHT
Date:  November 16, 2006
Initial Conference: 9:30 am, Friday, February 16, 2007
Location:  Courtroom 200
          500 Indiana Avenue N.W.
          WASHINGTON, DC 20001

Caio.doc

CA Form 1

## Superior Court of the District of Columbia
### CIVIL DIVISION
500 Indiana Avenue, N.W., Room JM-170
Washington, D.C. 20001 Telephone: 879-1133

Timothy Jones
240 Taylor Street NE
Washington, DC 20032          *Plaintiff*

vs.

The District of Columbia
441 4th Street NW
Washington, DC 20001          *Defendant*

Attorney General

0008354-06

Civil Action No. _____

Geege Valant

### SUMMONS
Shawna Simon (processor) 11/30/06 5:00 pm

To the above named Defendant:

    You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

    You are also required to file the original Answer with the Court in Room JM 170 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

Khudijah R. Ali
**Name of Plaintiff's Attorney**

216 G Street NE
**Address**
Washington, DC 20002

(202) 548-0016
**Telephone**

Clerk of the Court

By _____
              Deputy Clerk

Date _____

**PUEDE OBTENERSE COPIAS DE ESTE FORMULARIO EN ESPAÑOL EN EL TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA, 500 INDIANA AVENUE, N.W., SALA JM 170**

**YOU MAY OBTAIN A COPY OF THIS FORM IN SPANISH AT THE SUPERIOR COURT OF D.C., 500 INDIANA AVENUE, N.W., ROOM JM 170**

NOTE: SEE IMPORTANT INFORMATION ON BACK OF THIS FORM.

CV(1)-454(R)-.93

SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
Civil Division

TIMOTHY JONES, aka, THADAS          :
JASPER, aka, PAMELA JONES           :
290 Taylor Street, NE               :
Washington, DC 20032                :
                                    :
          Plaintiff,                :
                                    :
v.                                  :
                                    :
ROBERT WHITE                        :
                                    :
and                                 :
                                    :
JOHN CAUFIELD, Warden               :
Central Corporation of America:
(CCA)                               :
1901 E Street, SE                   :          0008354-06
Washington, DC 20003                :
                                    :
                                    :
and                                 :
                                    :
JOHN DOE                            :
1901 E Street, SE                   :
Washington, DC 20003                :
                                    :
                                    :          Case No:
and                                 :
                                    :
CENTRAL TREATMENT FACILITY          :
(CTF)                               :
1901 E Street, SE                   :
Washington, DC 20003                :
                                    :
                                    :
and                                 :
                                    :
CENTRAL CORPORATION OF AMERICA:
(CCA)                               :
10 Burton Hill Blvd.                :
Nashville, TN 37215                 :
Serve: CT Corporation               :
        1025 Vermont Ave.           :
        Washington, DC 20005        :
and                                 :
                                    :
                                    :
                                    :

RECEIVED
Civil Clerk's Office
NOV 16 2006
Superior Court of the
District of Columbia
Washington, D.C.

THE DISTRICT OF COLUMBIA     :
441 4TH Street, NW          :
Washington, DC 20001        :
                            :
          Defendants.       :

## COMPLAINT

COMES NOW, Plaintiff, Timothy Jones, aka, Thadas Jasper, aka, Pamela Jones (hereinafter referred to as Ms. Jones), by and through undersigned counsel hereby brings the following complaint.     As grounds for this motion Plaintiff states the following:

### Introduction

1.    This is an action brought by the Plaintiff, Timothy Jones, aka Thadas Jasper, aka, Pamela Jones for damages and other appropriate relief under 42 U.S.C. §1983 for violation of the Plaintiff's civil rights by the Defendants and damages sustained, by the defendants for, assault and battery, various degrees of negligence, intentional infliction of emotional distress and false imprisonment.

### Jurisdiction and Venue

2.    Jurisdiction is derived from District of Columbia Code Sections 11-921 (1981 ed.), 13-422, 13-423 et., seq, (1981 ed.) and for violating Plaintiff's civil rights under 42 U.S.C. §1983.

## PARTIES

3.   Plaintiff, **Timothy Jones**, aka, **Thadas Jasper**, aka, **Pamela Jones** was at all times relevant to the claims brought herein, a transgender/transsexual male, a prisoner of the District of Columbia Department of Corrections and an inmate of the Correction Treatment Facility (hereinafter, "CTF").   For all intents and purposes, Plaintiff considers himself to be female and therefore, hereinafter will be referred to by the female gender and by Ms. Jones.

4.   At all times relevant herein, defendant **Robert White** was an officer employed by the Correction Corporation of America at CTF and was acting in his official and individual capacity as an agent, servant or employee of the Correction Corporation of America, and acting within the scope of his employment at the time of the incidents the subject of this complaint.

5.   At all times relevant to this complaint, Defendant, **John Caulfield** (hereinafter, defendant "Caulfield") was the Warden of CTF who oversaw and was in command of all operations and the day to day running of the facility.   Mr. Caulfield as Warden was also in command of the officers who committed the offenses against Ms. Jones,

and acting as an agent, servant or employee of CCA and the District of Columbia within the scope of his employment.

6.    At all times relevant to this complaint, Defendant, **John Doe** (hereinafter, defendant "Doe") was a corrections officer employed by the Correction Corporation America and was acting in his official and individual capacity as an agent, servant or employee of the Correction Corporation of America, and acting within the scope of his employment at the time of the incidents the subject of this complaint.

7. Defendant, **Correction Treatment Facility**, was at all times relevant to the claims set forth herein, a fully operational jail located, conduction and doing business within Washington, DC.   CTF is owned by the Correction Corporation of America, (hereinafter "CCA").   It operates under, and administers a set of policies, practices and customs involving the operation of its facility, as well as the hiring, training and supervision of its employees.   As employer of defendant employees, CTF is also liable for their conduct under the theory of *respondeat superior*.

8.  Defendant **Correction Corporation of America** (hereinafter "CCA") was at all times relevant to the claims set forth herein a foreign corporation, duly organized, incorporated in Maryland and existing under the laws of the

District of Columbia and conducting and doing business
therein.  CCA is the parent company/owner of CTF, and
provides services through a contractual agreement with the
District of Columbia through the DC Department of
Corrections, to temporarily house, detained, oversee and
administer to the District's incarcerated and/or convicted
individuals.  CCA operates under, and administers a set of
policies, practices and customs·involving the operation of
its facility, as well as the hiring, training and
supervision of its employees.  As employer of defendant
employees owner of CTF, CCA is also liable for their
conduct under the theory of *respondeat superior*.

9.  At all times relevant herein, defendant, **District
of Columbia**, (hereinafter, defendant DC) was a municipal
corporation having the authority to sue and be sued.  The
District of Columbia is in charge of supervising and
operating the District of Columbia Department of
Corrections (DCDOC), and is the contracting organization
for CCA, and as such the DC, was and is responsible for the
supervising and overseeing of CCA's policies and procedures
as it relates to the supervision and training of CCA's
employee's.  The District of Columbia through its agents,
CCA and/or its officers, operates under and administers a
set of policies, rules, practices and customs involving the

searching and detention of its prisoners, the interaction between inmates and staff, as well as the hiring, training and supervision of its corrections officers.

## STATEMENT OF FACTS

10. On or about November 19, 2004, Ms. Jones who was serving a sentence, was in her neighbor's/friends cell at CCA talking, when the Defendant, Mr. White, who did not normally work that block, entered the cell, informed them that the count was on and told Ms. Jones to return to her own cell.

11. Ms. Jones complied and returned to her cell. A few minutes later, Mr. White appeared at Ms. Jones's cell door and asked her where her cellmate was. Ms. Jones replied that her cellmate had gone to court that morning.

12. Upon hearing this, Mr. White stepped into Ms. Jones's cell and commanded that she step back into the shower area of the cell. Ms. Jones who at the time believed her cell was about to be "shook" down, complied.

13. Ms. Jones stepped back into the shower area, and Mr. White followed him; however, as she was stepping into the shower area and as she turned to face Mr. White, Ms. Jones could see that Mr. White clearly had his penis exposed and in his hands.

14.    Mr. White, who was standing within inches away from Ms. Jones, demanded that Ms. Jones kneel down to the ground and open her mouth.   Ms. Jones, who was very frightened, knelt down and opened her mouth.  Mr. White who had already begun masturbating then forced his penis in Ms. Jones' mouth, continued masturbating forcing Ms. Jones to perform oral sex on him.   All the while this was happened Ms. Jones who was in a very vulnerable position, felt threatened, helpless and confused.  Mr. White continued in this manner until he ejaculated in Ms. Jones' mouth, at which time, Mr. White remove his penis from Ms. Jones' mouth.

15.    As Mr. White removed his penis, some of the sperm from the ejaculation spilled out onto the side of Ms. Jones's face.   Mr. White ordered Ms. Jones to "wipe that shit off of your face," to which Ms. Jones complied by wiping the side of her mouth with the back of one of her hand.  Mr. White then ordered Ms. Jones to step back into her cell area and threatened that she better not "run" her mouth or say anything to anyone and implied that there would be consequences to pay if he did.

16.  Ms. Jones, immediately complied with the commands and Mr. White left the cell to continue on with the count. Immediately after Mr. White left his cell, Ms. Jones the

sperm from Mr. White into a Styrofoam cup that was in the cell. Ms. Jones, who was visible shaken by what had just occurred then sat down on the side of her bed and waited for the count to clear.

17. A short time later, the officer who switched places with Mr. White during the cross-count came to Ms. Jones' cell. This officer noticed that Ms. Jones was upset and asked her what was wrong. Ms. Jones, who was very reluctant to speak at first after coaxing from the officer, admitted to her what had just happened with Mr. White. Ms. Jones did not want the officer to report the incident; however, the officer informed Ms. Jones that she had to report the incident. Thereafter, the officer reported the incident to her superiors and the police were called to the scene.

18. When the police arrived, they interviewed Ms. Jones and she told them what happened and showed them the cup with the sperm. During the interview, Ms. Jones described Mr. White, including what he was wearing. The police called the crime scene search division and when they arrived they retrieved the Styrofoam cup, and took samples from the back of Ms. Jones' hand in addition to confiscating some of her clothing.

19.   As a result of the sexual assault, Ms. Jones was escorted to the Greater Southeast Hospital and then later to Howard University for examination and medical treatment. When Ms. Jones was transported, her confidential medical file from the jail was sent along with her with the guards who transported him.  These records were sealed and for the viewing of Ms. Jones' treating physician only.  However, once at the hospital, one of the guards who transported Ms. Jones, unsealed her medical file, opened it up and removed and read the contents.  This was done in plain view of Ms. Jones.  The information contained within these files was extremely confidential and personal.  This same guard later, upon their return to the jail, revealed Ms. Jones' confidential medical history to other staff and inmates at CCA.  Ms. Jones was aware of this because once she was returned from the hospital the other inmates and staff were talking, discussing and confronting her about her confidential medical history.   Ms. Jones had not experienced such confrontation prior to her trip to the hospital. In addition, immediately upon her return, Ms. Jones was put into solitary isolation (locked down), and remained so until such time as she was transferred to a Federal Institution.  During the time of her isolation Ms.

Jones was denied psychological treatment and was in constant fear for her life.

20.    Further, while on the scene the police also spoke with Mr. White, who denied the allegations. However, initially Mr. White did cooperate with the police and voluntarily submitted to a strip search. As a result of the search, the police learned that description Mr. Jones had given of Mr. White's underwear was accurate. Mr. White was not arrested immediately, but after additional investigation was conducted, a warrant was issued for his arrest. However, during the time that the investigation was being conducted, Mr. White fled the jurisdiction to New York, but eventually returned and surrendered himself to police.

21.    Once in police custody, Mr. White was charged with one count of Sexual Assault of a Ward. Mr. White pled not guilty to the charge. Mr. White was tried before a jury and testified at his trial, which commenced on March 12, 2006 before Judge Eric Christian in the this court. In addition to the compelling witness testimony, the government presented as evidence the DNA results from the sperm samples from the Styrofoam cup and the back of Ms. Jones's hand which was a match to Mr. White. At the conclusion of the trial, the jury found Mr. White guilty.

On July 21, 2006, Mr. White was sentenced to seven (7) years incarceration.

22.    In addition, after the investigation and prosecution of this case had been initiated by the U.S. Attorney's Office, Defendant CCA ignored the request of the U.S. Attorneys and instead of keeping Ms. Jones at the CCA facility, Defendant CCA had Ms. Jones transferred out to a Federal Institution at Schuylkill.    As a result, the government spent several months trying to locate Ms. Jones who was needed to further the prosecution against Mr. White.

23.    Once transferred to Schuylkill, Ms. Jones was "locked down," that is kept in 24 hour isolation the entire time she was there.    Not once while she was at this facility did Ms. Jones ever see regular population.    Ms. Jones remained at Schuylkill until her sentence was completed, and Ms. Jones was serving a year long sentence. During his isolation Ms. Jones was denied psychological counseling or treatment.    In addition, Ms. Jones who was frequently taunted by the guards at Schuylkill regarding what had happened at CTF, was in constant fear for her life.

24.    Ms. Jones made repeated request while she was at Schuylkill in an effort to ascertain why she was being

locked down, however, she never received any response or satisfaction. However, right before her release, it was finally revealed to Ms. Jones by officials at Schuylkill that she was locked down at the request and suggestion of defendant CCA, pursuant to false information submitted to them by the defendant CCA that Ms. Jones had violated bureau regulations.

### COUNT I
### (Assault/Battery)
### (Defendant White, CCA, CTF and District of Columbia)

25.    Plaintiff incorporates by reference paragraphs 1-24 as if fully set forth herein.

26.    Without provocation or any legal justification, defendants White intentionally attacked, raped and/or sexually assaulted Plaintiff when he forced her to perform oral sex on him. Defendant White further put Plaintiff in fear when he threaten her verbally threatened and with repercussions in order to silence her.

27.    As a direct and proximate result of defendants' attack and assault, the Plaintiff was put in fear of immediate bodily harm and sustained serious physical and emotional injuries, severe pain and discomfort; and has suffered physical pain and will continue to suffer permanent psychological harm and mental anguish, including fright, humiliation, shame and mortification.

28. As a further direct and proximate result of defendants' unlawful conduct, the Plaintiff incurred medical and legal expenses.

29. The Defendants CTF, CCA and the District of Columbia are liable for the actions taken by Mr. White in assaulting the plaintiff pursuant to the doctrine of respondeat superior.

**WHEREFORE**, the plaintiff, Jones, demands judgment against defendants, jointly and severally, in and amount in excess of Two Million Dollars ($2,000,000.00) compensatory damages and punitive damages in excess of Three Million Dollars ($3,000,000.00), plus reasonable attorney's fees and costs.

### COUNT II
### (Intentional Infliction of Emotional Distress)
### (Defendant's White, Doe, Caulfield CTF, CCA and District of Columbia)

30. Plaintiff incorporates by reference paragraphs 1-29 as if fully set forth herein.

31. With deliberate indifference and reckless disregard for plaintiff's rights and with pure malice, defendant White viciously attacked and threatened Plaintiff, ultimately causing her physical and emotional harm.

32.  Defendant's White's actions where extreme and outrageous.

33.  With deliberate indifference and reckless disregard for plaintiff's rights and with pure malice and without justification or permission, defendant John Doe deliberately and cruelly pursued access to plaintiff's personal medical history and revealed said history to others not entitled to said information thereby causing plaintiff to be shunned, ridiculed and ostracized within the prison community.

34.  With deliberate indifference and reckless disregard for plaintiff's rights and with pure malice and without justification, defendant's Caulfield, CCA and CTF deliberately and cruelly caused Plaintiff to be indefinitely and permanently isolated and falsely imprisoned throughout her prison term when they provided the Federal Bureau of Prisons with false information regarding Plaintiff's commitment status and behavior at their facility.

35.  Defendant's Doe, Caulfield, CCA and CTF's actions were extreme and outrageous.

36.  As a direct and proximate result of defendants' outrageous actions, plaintiff has suffered and will continue to suffer severe mental and emotional distress,

pain and suffering and has been forced to incur medical bills.

37.    The Defendants CTF, CCA and the District of Columbia are liable for the actions taken by Defendant's White and Doe pursuant to the doctrine of respondeat superior.

**WHEREFORE**, the plaintiff, Jones, demands judgment against defendants, jointly and severally, in an amount in excess of Two Million ($2,000,000.00) Dollars compensatory damages and punitive damages in an amount in excess of Three Million ($3,000,000.00) Dollars, plus reasonable attorney's fees and costs.

### COUNT III
#### (False Imprisonment)
#### (Defendant Caulfield, CTF, CCA and District of Columbia)

38.    Plaintiff incorporates by reference paragraphs 1-37 as if fully set forth herein.

39.    Defendant Caulfield, CTF and CCA wrongfully and illegally had Plaintiff detained in solitary confinement (locked down) when she returned from the hospital and when she was transferred to Schuylkill Federal Penitentiary.

40.    Plaintiff had not committed any infraction to warrant said isolation.

41.    Defendant's did not reasonably believe in good faith that Plaintiff had committed any infraction and in

fact provided false information to the Schuylkill regarding Plaintiff's behavior to cause her to be locked down.

42.   Defendant CTF and CCA's action in illegally holding and locking Plaintiff down without just cause caused directly and proximately caused Plaintiff mental suffering, including fright, shame indignity and disgrace resulting from the false imprisonment.

43.   Defendant District of Columbia are liable for the actions taken by Defendant's CTF and CCA pursuant to the doctrine of respondeat superior and under a theory of agency.

**WHEREFORE**, the plaintiff, Jones, demands judgment against defendants jointly and severally, in an amount in excess of Two Million ($2,000,000.00) Dollars compensatory damages, punitive damages in excess of Three Million ($3,000,000.00) Dollars, plus reasonable attorney's fees and costs

## COUNT IV
**[Negligent Failure to Properly Train, Supervise and Hire]**
**(Defendant Caulfield, CTF, CCA and District of Columbia)**

44.   Plaintiff incorporates by reference the paragraphs 1-43 as if fully set forth herein.

45.   Defendants Caulfield, CTF, CCA and District of Columbia had a duty to properly hire, train, supervise its

employees on the contact and communications with its inmates, the use of force and the procedures for isolating inmates and the handling of inmates confidential records and files.

46.   The Defendants Caulfield, CCA, CTF and District of Columbia negligently and recklessly failed to properly train and/or supervise the Defendants White, Doe and Caulfield.

47.   The Defendants Caulfield, CCA, CTF and the District of Columbia were negligent in providing adequate and/or proper training and procedures in facing the circumstances which led to this incident.

48.   Defendants White and Doe were unfit to serve as correction officers.   By their actions or lack thereof, Defendants posed an unreasonable risk of harm to those members of the public or the community who would foreseeably come into contact with the subject premises, which Defendant Caulfield, CCA, CTF and Defendant District of Columbia would and should have known.

49.   Defendant Caulfield's, CCA, CTF and the District of Columbia's hiring and retaining of these employees as correction officers was the proximate cause of plaintiff's injuries and damages.

40.    Defendants actions or lack thereof caused Plaintiff's injuries and damages.

41.    As a direct and proximate result of the Defendants, its agents and/or employees acts, Plaintiff has suffered and continues to suffer damages including loss of income and benefits of employment, extreme mental and emotional anguish and distress, as well as permanent psychological harm and mental anguish, including fright, shame, humiliation and mortification.

**WHEREFORE**, the plaintiff, Jones, demands judgment against defendants jointly and severally, in an amount in excess of Two Million ($2,000,000.00) Dollars compensatory damages, punitive damages in excess of Three Million ($3,000,000.00) Dollars, plus reasonable attorney's fees and costs.


## COUNT V

### [Deprivation of Civil Rights under Color of Law]
### (Defendant's White, Doe, Caulfield, CTF, CCA and District of Columbia)

42.    Plaintiff incorporates by reference the paragraphs 1-41 as if fully set forth herein.

43.    The actions of White, Doe, CCA, CTF and Defendant District of Columbia's agent and/or employees were taken within the scope and purpose of their employment and were

performed knowingly, intentionally and maliciously, by reason of which plaintiff is entitled to an award of punitive damages. Defendants, White, Doe and Caulfield are duly appointed, employed and acting corrections officers for the CCA and the DCDOC who are agents of the District of Columbia.

44.    The Defendants actions arise under the United States Constitution, particularly under the provisions of the Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States, and under federal law, particularly Title 42 of the United States Code, § 1983.

45. Plaintiff had a right to be free from unwarranted assaults, threats, attacks and the use of force while from corrections officers, while in the care and custody of the DCDOC.    Defendant White violently attacked and assaulted Plaintiff without just cause.

46.    Plaintiff was locked down and placed in solitary isolation for the entire term of her sentence (denied freedom of movement).    The Defendants CCA, CTF, Caulfield and the District of Columbia did not inform Plaintiff of the reasons behind the heightened level of detention.    This amounted to a cruel and unusual punishment and illegal detention of Plaintiff without due process of law.

47.   The right of Plaintiff not to be deprived of life, liberty or property even will incarcerated without due process of law, the right to be free from cruel and unusual punishment and the right to the equal protection of the laws, secured by the Fourteenth Amendment to the U.S. Constitution were violated by Defendants.

48.   As a direct and proximate result of the Defendants, its agents and/or employees acts, Plaintiff has suffered and continues to suffer damages including loss of income and benefits of employment, extreme mental and emotional anguish and distress.

WHEREFORE, the plaintiff, Jones, demands judgment against defendants jointly and severally, in an amount in excess of Two Million ($2,000,000.00) Dollars compensatory damages, punitive damages in excess of Three Million ($3,000,000.00) Dollars, plus reasonable attorney's fees and costs.

### Jury Demand

Plaintiff demands a trial by jury on each and every count.

Respectfully Submitted,

Khadijah R. Ali #435367
**LAW OFFICES OF KHADIJAH R. ALI,**
Attorney for Plaintiff
216 G Street, NE
Washington, DC 20002
(202) 548-0016

**CT CORPORATION**
A Wolters Kluwer Company

**Service of Process Transmittal**
12/19/2006
Log Number 511741830



**TO:**     Steve Groom, Deputy General Counsel
            Corrections Corporation of America
            10 Burton Hills Blvd.
            Nashville, TN, 37215-

**RE:**     **Process Served in District of Columbia**

**FOR:**    CCA of Tennessee, LLC (Domestic State: TN)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Timothy Jones, Pltf. vs. Robert White, et al. including CCA of TENNESSEE, LLC, Dfts. |
| **DOCUMENT(S) SERVED:** | Letter, Amended Complaint, Initial Order, Summons and Complaint |
| **COURT/AGENCY:** | (DC) Civil Division - District of Columbia Superior Court, DC<br>Case # 0008354-06 |
| **NATURE OF ACTION:** | Assault/Battery, Intentional Infliction of Emotional Distress, False Imprisonment, Negligent Failure to Properly Train, Supervise and Hire and Deprivation of Civil Rights under Color of Law |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Washington, DC |
| **DATE AND HOUR OF SERVICE:** | By Certified Mail on 12/19/2006 postmarked on 12/15/2006 |
| **APPEARANCE OR ANSWER DUE:** | Within 20 Days of Service - Initial Order // Within 20 Days of Service - Summons |
| **ATTORNEY(S) / SENDER(S):** | Khadijah R. Ali<br>Law Office of Khadijah R. Ali<br>216 G Street, NE<br>Washington, DC, 20002<br>202-546-0016 |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via Fed Ex 2 Day, 796566652236 |
| **SIGNED:**<br>**PER:**<br>**ADDRESS:** | C T Corporation System<br>Mark Diffenbaugh<br>1015 15th Street, N.W.<br>Suite 1000<br>Washington, DC, 20005 |
| **TELEPHONE:** | 202-572-3133 |

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of the package only, not of its contents.

SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
Civil Division

TIMOTHY JONES, aka, THADAS          :
JASPER, aka, PAMELA JONES           :
290 Taylor Street, NE               :
Washington, DC 20032                :
                                    :
            Plaintiff,              :
                                    :
v.                                  :
                                    :
ROBERT WHITE                        :
                                    :
and                                 :
                                    :
JOHN CAUFIELD, Warden               :
Central Corporation of America:
(CCA)                               :
1901 E Street, SE                   :
Washington, DC 20003                :
                                    :
and                                 :
                                    :
JOHN DOE                            :
1901 E Street, SE                   :
Washington, DC 20003                :
                                    :    Case No: *2006 CA 009354 B*
CTF                                 :
1901 E Street, SE                   :
Washington, DC 20003                :
                                    :
and                                 :
                                    :
CCA of TENNESSEE, LLC               :
10 Burton Hill Blvd.                :
Nashville, TN 37215                 :
Serve: CT Corporation               :
        1025 Vermont Ave.           :
        Washington, DC 20005        :
                                    :
and                                 :
                                    :
                                    :
                                    :
                                    :

THE DISTRICT OF COLUMBIA        :
441 4TH Street, NW             :
Washington, DC 20001            :
                                :
_____Defendants._____ :

## AMENDED COMPLAINT

**COMES NOW**, Plaintiff, Timothy Jones, aka, Thadas Jasper, aka, Pamela Jones (hereinafter referred to as Ms. Jones), by and through undersigned counsel hereby brings the following complaint.   As grounds for this motion Plaintiff states the following:

### Introduction

1.   This is an action brought by the Plaintiff, Timothy Jones, aka Thadas Jasper, aka, Pamela Jones for damages and other appropriate relief under 42 U.S.C. §1983 for violation of the Plaintiff's civil rights by the Defendants and damages sustained, by the defendants for, assault and battery, various degrees of negligence, intentional infliction of emotional distress and false imprisonment.

### Jurisdiction and Venue

2.   Jurisdiction is derived from District of Columbia Code Sections 11-921 (1981 ed.), 13-422, 13-423 et., seq, (1981 ed.) and for violating Plaintiff's civil rights under 42 U.S.C. §1983.

### PARTIES

3.  Plaintiff, **Timothy Jones, aka, Thadas Jasper, aka, Pamela Jones** was at all times relevant to the claims brought herein, a transgender/transsexual male, a prisoner of the District of Columbia Department of Corrections and an inmate of the Correction Treatment Facility (hereinafter, "CTF"). For all intents and purposes, Plaintiff considers himself to be female and therefore, hereinafter will be referred to by the female gender and by Ms. Jones.

4.  At all times relevant herein, defendant **Robert White** was an officer employed by the Correction Corporation of America at CTF and was acting in his official and individual capacity as an agent, servant or employee of the Correction Corporation of America, and acting within the scope of his employment at the time of the incidents the subject of this complaint.

5.  At all times relevant to this complaint, Defendant, **John Caulfield** (hereinafter, defendant "Caulfield") was the Warden of CTF who oversaw and was in command of all operations and the day to day running of the facility. Mr. Caulfield as Warden was also in command of the officers who committed the offenses against Ms. Jones, and acting as an agent, servant or employee of CCA and the District of Columbia within the scope of his employment.

6.     At all times relevant to this complaint,
Defendant, **John Doe** (hereinafter, defendant "Doe") was a
corrections officer employed by the Correction Corporation
America and was acting in his official and individual
capacity as an agent, servant or employee of the Correction
Corporation of America, and acting within the scope of his
employment at the time of the incidents the subject of this
complaint.

7. Defendant, **Correction Treatment Facility**, was at all
times relevant to the claims set forth herein, a fully
operational jail located, conduction and doing business
within Washington, DC.    CTF is owned by the Correction
Corporation of America, (hereinafter "CCA").    It operates
under, and administers a set of policies, practices and
customs involving the operation of its facility, as well as
the hiring, training and supervision of its employees.    As
employer of defendant employees, CTF is also liable for
their conduct under the theory of *respondeat superior*.

8. Defendant **CCA OF TENNESSEE, LLC** (hereinafter
"CCA") was at all times relevant to the claims set forth
herein a foreign corporation, duly organized, incorporated
in Maryland and existing under the laws of the District of
Columbia and conducting and doing business therein.    CCA is
the parent company/owner of CTF, and

provides services through a contractual agreement with the District of Columbia through the DC Department of Corrections, to temporarily house, detained, oversee and administer to the District's incarcerated and/or convicted individuals. CCA operates under, and administers a set of policies, practices and customs involving the operation of its facility, as well as the hiring, training and supervision of its employees. As employer of defendant employees owner of CTF, CCA is also liable for their conduct under the theory of *respondeat superior*.

9. At all times relevant herein, defendant, **District of Columbia**, (hereinafter, defendant DC) was a municipal corporation having the authority to sue and be sued. The District of Columbia is in charge of supervising and operating the District of Columbia Department of Corrections (DCDOC), and is the contracting organization for CCA, and as such the DC, was and is responsible for the supervising and overseeing of CCA's policies and procedures as it relates to the supervision and training of CCA's employee's. The District of Columbia through its agents, CCA and/or its officers, operates under and administers a set of policies, rules, practices and customs involving the searching and detention of its prisoners, the interaction

between inmates and staff, as well as the hiring, training and supervision of its corrections officers.

## STATEMENT OF FACTS

10.    On or about November 19, 2004, Ms. Jones who was serving a sentence, was in her neighbor's/friends cell at CCA talking, when the Defendant, Mr. White, who did not normally work that block, entered the cell, informed them that the count was on and told Ms. Jones to return to her own cell.

11.    Ms. Jones complied and returned to her cell.   A few minutes later, Mr. White appeared at Ms. Jones's cell door and asked her where her cellmate was.   Ms. Jones replied that her cellmate had gone to court that morning.

12.    Upon hearing this, Mr. White stepped into Ms. Jones's cell and commanded that she step back into the shower area of the cell.   Ms. Jones who at the time believed her cell was about to be "shook" down, complied.

13.    Ms. Jones stepped back into the shower area, and Mr. White followed him; however, as she was stepping into the shower area and as she turned to face Mr. White, Ms. Jones could see that Mr. White clearly had his penis exposed and in his hands.

14.    Mr. White, who was standing within inches away from Ms. Jones, demanded that Ms. Jones kneel down to the

ground and open her mouth.    Ms. Jones, who was very frightened, knelt down and opened her mouth.    Mr. White who had already begun masturbating then forced his penis in Ms. Jones' mouth, continued masturbating forcing Ms. Jones to perform oral sex on him.    All the while this was happened Ms. Jones who was in a very vulnerable position, felt threatened, helpless and confused.    Mr. White continued in this manner until he ejaculated in Ms. Jones' mouth, at which time, Mr. White remove his penis from Ms. Jones' mouth.

15.    As Mr. White removed his penis, some of the sperm from the ejaculation spilled out onto the side of Ms. Jones's face.    Mr. White ordered Ms. Jones to "wipe that shit off of your face," to which Ms. Jones complied by wiping the side of her mouth with the back of one of her hand.    Mr. White then ordered Ms. Jones to step back into her cell area and threatened that she better not "run" her mouth or say anything to anyone and implied that there would be consequences to pay if he did.

16.    Ms. Jones, immediately complied with the commands and Mr. White left the cell to continue on with the count. Immediately after Mr. White left his cell, Ms. Jones the sperm from Mr. White into a Styrofoam cup that was in the cell.    Ms. Jones, who was visible shaken by what had just

occurred then sat down on the side of her bed and waited for the count to clear.

17. A short time later, the officer who switched places with Mr. White during the cross-count came to Ms. Jones' cell. This officer noticed that Ms. Jones was upset and asked her what was wrong. Ms. Jones, who was very reluctant to speak at first after coaxing from the officer, admitted to her what had just happened with Mr. White. Ms. Jones did not want the officer to report the incident; however, the officer informed Ms. Jones that she had to report the incident. Thereafter, the officer reported the incident to her superiors and the police were called to the scene.

18. When the police arrived, they interviewed Ms. Jones and she told them what happened and showed them the cup with the sperm. During the interview, Ms. Jones described Mr. White, including what he was wearing. The police called the crime scene search division and when they arrived they retrieved the Styrofoam cup, and took samples from the back of Ms. Jones' hand in addition to confiscating some of her clothing.

19. As a result of the sexual assault, Ms. Jones was escorted to the Greater Southeast Hospital and then later to Howard University for examination and medical treatment.

When Ms. Jones was transported, her confidential medical
file from the jail was sent along with her with the guards
who transported him. These records were sealed and for the
viewing of Ms. Jones' treating physician only. However,
once at the hospital, one of the guards who transported Ms.
Jones, unsealed her medical file, opened it up and removed
and read the contents. This was done in plain view of Ms.
Jones. The information contained within these files was
extremely confidential and personal. This same guard
later, upon their return to the jail, revealed Ms. Jones'
confidential medical history to other staff and inmates at
CCA. Ms. Jones was aware of this because once she was
returned from the hospital the other inmates and staff were
talking, discussing and confronting her about her
confidential medical history. Ms. Jones had not
experienced such confrontation prior to her trip to the
hospital. In addition, immediately upon her return, Ms.
Jones was put into solitary isolation (locked down), and
remained so until such time as she was transferred to a
Federal Institution. During the time of her isolation Ms.
Jones was denied psychological treatment and was in
constant fear for her life.

20. Further, while on the scene the police also spoke
with Mr. White, who denied the allegations. However,

initially Mr. White did cooperate with the police and voluntarily submitted to a strip search. As a result of the search, the police learned that description Mr. Jones had given of Mr. White's underwear was accurate. Mr. White was not arrested immediately, but after additional investigation was conducted, a warrant was issued for his arrest. However, during the time that the investigation was being conducted, Mr. White fled the jurisdiction to New York, but eventually returned and surrendered himself to police.

21.    Once in police custody, Mr. White was charged with one count of Sexual Assault of a Ward. Mr. White pled not guilty to the charge. Mr. White was tried before a jury and testified at his trial, which commenced on March 12, 2006 before Judge Eric Christian in the this court. In addition to the compelling witness testimony, the government presented as evidence the DNA results from the sperm samples from the Styrofoam cup and the back of Ms. Jones's hand which was a match to Mr. White. At the conclusion of the trial, the jury found Mr. White guilty. On July 21, 2006, Mr. White was sentenced to seven (7) years incarceration.

22.    In addition, after the investigation and prosecution of this case had been initiated by the U.S.

Attorney's Office, Defendant CCA ignored the request of the
U.S. Attorneys and instead of keeping Ms. Jones at the CCA
facility, Defendant CCA had Ms. Jones transferred out to a
Federal Institution at Schuylkill.    As a result, the
government spent several months trying to locate Ms. Jones
who was needed to further the prosecution against Mr.
White.

    23.    Once transferred to Schuylkill, Ms. Jones was
"locked down," that is kept in 24 hour isolation the entire
time she was there.    Not once while she was at this
facility did Ms. Jones ever see regular population.    Ms.
Jones remained at Schuylkill until her sentence was
completed, and Ms. Jones was serving a year long sentence.
During his isolation Ms. Jones was denied psychological
counseling or treatment.    In addition, Ms. Jones who was
frequently taunted by the guards at Schuylkill regarding
what had happened at CTF, was in constant fear for her
life.

    24.    Ms. Jones made repeated request while she was at
Schuylkill in an effort to ascertain why she was being
locked down, however, she never received any response or
satisfaction.    However, right before her release, it was
finally revealed to Ms. Jones by officials at Schuylkill
that she was locked down at the request and suggestion of

defendant CCA, pursuant to false information submitted to them by the defendant CCA that Ms. Jones had violated bureau regulations.

## COUNT I
### (Assault/Battery)
## (Defendant White, CCA, CTF and District of Columbia)

25.  Plaintiff incorporates by reference paragraphs 1-24 as if fully set forth herein.

26.  Without provocation or any legal justification, defendants White intentionally attacked, raped and/or sexually assaulted Plaintiff when he forced her to perform oral sex on him.  Defendant White further put Plaintiff in fear when he threaten her verbally threatened and with repercussions in order to silence her.

27.  As a direct and proximate result of defendants' attack and assault the Plaintiff was put in fear of immediate bodily harm and sustained serious physical and emotional injuries, severe pain and discomfort; and has suffered physical pain and will continue to suffer permanent psychological harm and mental anguish, including fright, humiliation, shame and mortification.

28.  As a further direct and proximate result of defendants' unlawful conduct, the Plaintiff incurred medical and legal expenses.

29.   The Defendants CTF, CCA and the District of Columbia are liable for the actions taken by Mr. White in assaulting the plaintiff pursuant to the doctrine of respondeat superior.

**WHEREFORE,** the plaintiff, Jones, demands judgment against defendants, jointly and severally, in and amount in excess of Two Million Dollars ($2,000,000.00) compensatory damages and punitive damages in excess of Three Million Dollars ($3,000,000.00), plus reasonable attorney's fees and costs.

## COUNT II
### (Intentional Infliction of Emotional Distress)
### (Defendant's White, Doe, Caulfield CTF, CCA and District of Columbia)

30.   Plaintiff incorporates by reference paragraphs 1-29 as if fully set forth herein.

31.   With deliberate indifference and reckless disregard for plaintiff's rights and with pure malice, defendant White viciously attacked and threatened Plaintiff, ultimately causing her physical and emotional harm.

32.   Defendant's White's actions where extreme and outrageous.

33.   With deliberate indifference and reckless disregard for plaintiff's rights and with pure malice and

without justification or permission, defendant John Doe deliberately and cruelly pursued access to plaintiff's personal medical history and revealed said history to others not entitled to said information thereby causing plaintiff to be shunned, ridiculed and ostracized within the prison community.

34.    With deliberate indifference and reckless disregard for plaintiff's rights and with pure malice and without justification, defendant's Caulfield, CCA and CTF deliberately and cruelly caused Plaintiff to be indefinitely and permanently isolated and falsely imprisoned throughout her prison term when they provided the Federal Bureau of Prisons with false information regarding Plaintiff's commitment status and behavior at their facility.

35.    Defendant's Doe, Caulfield, CCA and CTF's actions were extreme and outrageous.

36.    As a direct and proximate result of defendants' outrageous actions, plaintiff has suffered and will continue to suffer severe mental and emotional distress, pain and suffering and has been forced to incur medical bills.

37.    The Defendants CTF, CCA and the District of Columbia are liable for the actions taken by Defendant's

White and Doe pursuant to the doctrine of respondeat superior.

**WHEREFORE,** the plaintiff, Jones, demands judgment against defendants, jointly and severally, in an amount in excess of Two Million ($2,000,000.00) Dollars compensatory damages and punitive damages in an amount in excess of Three Million ($3,000,000.00) Dollars, plus reasonable attorney's fees and costs.

### COUNT III
### (False Imprisonment)
### (Defendant Caulfield, CTF, CCA and District of Columbia)

38. Plaintiff incorporates by reference paragraphs 1-37 as if fully set forth herein.

39. Defendant Caulfield, CTF and CCA wrongfully and illegally had Plaintiff detained in solitary confinement (locked down) when she returned from the hospital and when she was transferred to Schuylkill Federal Penitentiary.

40. Plaintiff had not committed any infraction to warrant said isolation.

41. Defendant's did not reasonably believe in good faith that Plaintiff had committed any infraction and in fact provided false information to the Schuylkill regarding Plaintiff's behavior to cause her to be locked down.

42. Defendant CTF and CCA's action in illegally holding and locking Plaintiff down without just cause

caused directly and proximately caused Plaintiff mental suffering, including fright, shame indignity and disgrace resulting from the false imprisonment.

43.    Defendant District of Columbia are liable for the actions taken by Defendant's CTF and CCA pursuant to the doctrine of respondeat superior and under a theory of agency.

**WHEREFORE**, the plaintiff, Jones, demands judgment against defendants jointly and severally, in an amount in excess of Two Million ($2,000,000.00) Dollars compensatory damages, punitive damages in excess of Three Million ($3,000,000.00) Dollars, plus reasonable attorney's fees and costs

## COUNT IV
**[Negligent Failure to Properly Train, Supervise and Hire]**
**(Defendant Caulfield, CTF, CCA and District of Columbia)**

44.    Plaintiff incorporates by reference the paragraphs 1-43 as if fully set forth herein.

45.  Defendants Caulfield, CTF, CCA and District of Columbia had a duty to properly hire, train, supervise its employees on the contact and communications with its inmates, the use of force and the procedures for isolating inmates and the handling of inmates confidential records and files.

46. The Defendants Caulfield, CCA, CTF and District of Columbia negligently and recklessly failed to properly train and/or supervise the Defendants White, Doe and Caulfield.

47. The Defendants Caulfield, CCA, CTF and the District of Columbia were negligent in providing adequate and/or proper training and procedures in facing the circumstances which led to this incident.

48. Defendants White and Doe were unfit to serve as correction officers. By their actions or lack thereof, Defendants posed an unreasonable risk of harm to those members of the public or the community who would foreseeably come into contact with the subject premises, which Defendant Caulfield, CCA, CTF and Defendant District of Columbia would and should have known.

49. Defendant Caulfield's, CCA, CTF and the District of Columbia's hiring and retaining of these employees as correction officers was the proximate cause of plaintiff's injuries and damages.

40. Defendants actions or lack thereof caused Plaintiff's injuries and damages.

41. As a direct and proximate result of the Defendants, its agents and/or employees acts, Plaintiff has suffered and continues to suffer damages including loss of

income and benefits of employment, extreme mental and
emotional anguish and distress, as well as permanent
psychological harm and mental anguish, including fright,
shame, humiliation and mortification.

WHEREFORE, the plaintiff, Jones, demands judgment
against defendants jointly and severally, in an amount in
excess of Two Million ($2,000,000.00) Dollars compensatory
damages, punitive damages in excess of Three Million
($3,000,000.00) Dollars, plus reasonable attorney's fees
and costs.

## COUNT V

**[Deprivation of Civil Rights under Color of Law]**
**(Defendant's White, Doe, Caulfield, CTF, CCA and**
**District of Columbia)**

42.    Plaintiff incorporates by reference the
paragraphs 1-41 as if fully set forth herein.

43.    The actions of White, Doe, CCA, CTF and Defendant
District of Columbia's agent and/or employees were taken
within the scope and purpose of their employment and were
performed knowingly, intentionally and maliciously, by
reason of which plaintiff is entitled to an award of
punitive damages. Defendants, White, Doe and Caulfield are
duly appointed, employed and acting corrections officers

for the CCA and the DCDOC who are agents of the District of Columbia.

44.  The Defendants actions arise under the United States Constitution, particularly under the provisions of the Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States, and under federal law, particularly Title 42 of the United States Code, § 1983.

45. Plaintiff had a right to be free from unwarranted assaults, threats, attacks and the use of force while from corrections officers, while in the care and custody of the DCDOC.  Defendant White violently attacked and assaulted Plaintiff without just cause.

46.  Plaintiff was locked down and placed in solitary isolation for the entire term of her sentence (denied freedom of movement).  The Defendants CCA, CTF, Caulfield and the District of Columbia did not inform Plaintiff of the reasons behind the heightened level of detention.  This amounted to a cruel and unusual punishment and illegal detention of Plaintiff without due process of law.

47.  The right of Plaintiff not to be deprived of life, liberty or property even will incarcerated without due process of law, the right to be free from cruel and unusual punishment and the right to the equal protection of

the laws, secured by the Fourteenth Amendment to the U.S. Constitution were violated by Defendants.

48. As a direct and proximate result of the Defendants, its agents and/or employees acts, Plaintiff has suffered and continues to suffer damages including loss of income and benefits of employment, extreme mental and emotional anguish and distress.

WHEREFORE, the plaintiff, Jones, demands judgment against defendants jointly and severally, in an amount in excess of Two Million ($2,000,000.00) Dollars compensatory damages, punitive damages in excess of Three Million ($3,000,000.00) Dollars, plus reasonable attorney's fees and costs.

## Jury Demand

Plaintiff demands a trial by jury on each and every count.

Respectfully Submitted,

Khadijah R. Ali #435367
**LAW OFFICES OF KHADIJAH R. ALI,**
Attorney for Plaintiff
216 G Street, NE
Washington, DC 20002
(202) 548-0016



# SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

TIMOTHY JONES
    Vs.
ROBERT WHITE

C.A. No.    2006 CA 008354 B

## INITIAL ORDER

Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("SCR Civ") 40-I, it is hereby **ORDERED** as follows:

(1) Effective this date, this case has assigned to the individual calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption. On filing any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along with the original.

(2) Within 60 days of the filing of the complaint, plaintiff must file proof of serving on each defendant: copies of the Summons, the Complaint, and this Initial Order, and any General Order issued **by the judge** to whom the case is assigned. As to any defendant for whom such proof of service has not been filed, the Complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendant has been extended as provided in SCR Civ 4(o).

(3) Within 20 days of service as described above, except as otherwise noted in SCR Civ 12, each defendant must respond to the Complaint by filing an Answer or other responsive pleading. As to the defendant who has failed to respond, a default and judgment will be entered unless the time to respond has been extended as provided in SCR Civ 55(a).

(4) At the time and place noted below, all counsel and unrepresented parties shall appear before the assigned judge at an Initial Scheduling and Settlement Conference to discuss the possibilities of settlement and to establish a schedule for the completion of all proceedings, including, normally, either mediation, case evaluation, or arbitration. Counsel shall discuss with their clients **prior** to the conference whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this Conference.**

(5) Upon advice that the date noted below is inconvenient for any party or counsel, the Quality Review Branch (202) 879-1750 may continue the Conference **once**, with the consent of all parties, to either of the two succeeding Fridays. Request must be made not less than six business days before the scheduling conference date. No other continuance of the conference will be granted except upon motion for good cause shown.

Chief Judge Rufus G. King, III

Case Assigned to: Judge MELVIN R WRIGHT
Date:  November 16, 2006
Initial Conference: 9:30 am, Friday, February 16, 2007
Location:  Courtroom 200
        500 Indiana Avenue N.W.
        WASHINGTON, DC 20001

Caio.doc

CA Form 1

# Superior Court of the District of Columbia

## CIVIL DIVISION

500 Indiana Avenue, N.W., Room JM-170
Washington, D.C. 20001 Telephone: 879-1133

Timothy Jones
#290 Taylor Street NE
Washington, DC 20032

**Plaintiff**                                    **0008354-06**

vs.                                              Civil Action No. _____

Central Corporation of Ameritech
10 Burton Hill Blvd.
Nashville, TN 37215
Serve: CT Corporation
1025 Vermont Ave
Washington, DC 20005

**Defendant**

## SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Room JM 170 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

Khadijah R. Ali
Name of Plaintiff's Attorney

216 G Street NE
Address

Washington, DC 20002

(202) 548-0016
Telephone

Clerk of the Court

By _____
Deputy Clerk

Date _____ NOV 16 2006

PUEDE OBTENERSE COPIAS DE ESTE FORMULARIO EN ESPANOL EN EL TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA, 500 INDIANA AVENUE, N.W., SALA JM 170

YOU MAY OBTAIN A COPY OF THIS FORM IN SPANISH AT THE SUPERIOR COURT OF D.C., 500 INDIANA AVENUE, N.W., ROOM JM 170

NOTE: SEE IMPORTANT INFORMATION ON BACK OF THIS FORM.

CV(6)-456/Rev 83

IMPORTANT:  IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT.  IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT.  IF YOU INTEND TO OPPOSE THIS ACTION, *DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME.*

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (624-1161) or the Neighborhood Legal Services (682-2700) for help or come to Room JM 170 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
Civil Division

TIMOTHY JONES, aka, THADAS
JASPER, aka, PAMELA JONES
290 Taylor Street, NE
Washington, DC 20032                    :
                                        :
            Plaintiff,                  :
                                        :
v.                                      :
                                        :
ROBERT WHITE                            :
                                        :
and                                     :
                                        :
JOHN CAUFIELD, Warden                   :
Central Corporation of America:
(CCA)                                   :
1901 E Street, SE                       :
Washington, DC 20003                    :
                                        :
and                                     :
                                        :
JOHN DOE                                :
1901 E Street, SE                       :
Washington, DC 20003                    :
                                        :      Case No:
and                                     :
                                        :
CENTRAL TREATMENT FACILITY              :
(CTF)                                   :
1901 E Street, SE                       :
Washington, DC 20003                    :
                                        :
and                                     :
                                        :
CENTRAL CORPORATION OF AMERICA:
(CCA)                                   :
10 Burton Hill Blvd.                    :
Nashville, TN 37215                     :
Serve: CT Corporation                   :
       1025 Vermont Ave.                :
       Washington, DC 20005             :
and                                     :
                                        :
                                        :

RECEIVED
Civil Clerk's Office
NOV 1 6 2006
Superior Court of the
District of Columbia
Washington, D.C.

0008354-06

THE DISTRICT OF COLUMBIA        :
441 4ᵀᴴ Street, NW              :
Washington, DC 20001           :
                               :
_____          :
        **Defendants**.         :
                               :

## COMPLAINT

COMES NOW, Plaintiff, Timothy Jones, aka, Thadas Jasper, aka, Pamela Jones (hereinafter referred to as Ms. Jones), by and through undersigned counsel hereby brings the following complaint.    As grounds for this motion Plaintiff states the following:

## Introduction

1.    This is an action brought by the Plaintiff, Timothy Jones, aka Thadas Jasper, aka, Pamela Jones for damages and other appropriate relief under 42 U.S.C. §1983 for violation of the Plaintiff's civil rights by the Defendants and damages sustained, by the defendants for, assault and battery, various degrees of negligence, intentional infliction of emotional distress and false imprisonment.

## Jurisdiction and Venue

2.    Jurisdiction is derived from District of Columbia Code Sections 11-921 (1981 ed.), 13-422, 13-423 et., seq, (1981 ed.) and for violating Plaintiff's civil rights under 42 U.S.C. §1983.

## PARTIES

3.   Plaintiff, **Timothy Jones**, aka, **Thadas Jasper**, aka, **Pamela Jones** was at all times relevant to the claims brought herein, a transgender/transsexual male, a prisoner of the District of Columbia Department of Corrections and an inmate of the Correction Treatment Facility (hereinafter, "CTF"). For all intents and purposes, Plaintiff considers himself to be female and therefore, hereinafter will be referred to by the female gender and by Ms. Jones.

4.   At all times relevant herein, defendant **Robert White** was an officer employed by the Correction Corporation of America at CTF and was acting in his official and individual capacity as an agent, servant or employee of the Correction Corporation of America, and acting within the scope of his employment at the time of the incidents the subject of this complaint.

5.   At all times relevant to this complaint, Defendant, **John Caulfield** (hereinafter, defendant "Caulfield") was the Warden of CTF who oversaw and was in command of all operations and the day to day running of the facility. Mr. Caulfield as Warden was also in command of the officers who committed the offenses against Ms. Jones,

and acting as an agent, servant or employee of CCA and the District of Columbia within the scope of his employment.

6.     At all times relevant to this complaint, Defendant, **John Doe** (hereinafter, defendant "Doe") was a corrections officer employed by the Correction Corporation America and was acting in his official and individual capacity as an agent, servant or employee of the Correction Corporation of America, and acting within the scope of his employment at the time of the incidents the subject of this complaint.

7. Defendant, **Correction Treatment Facility**, was at all times relevant to the claims set forth herein, a fully operational jail located, conduction and doing business within Washington, DC. CTF is owned by the Correction Corporation of America, (hereinafter "CCA"). It operates under, and administers a set of policies, practices and customs involving the operation of its facility, as well as the hiring, training and supervision of its employees. As employer of defendant employees, CTF is also liable for their conduct under the theory of *respondeat superior.*

8. Defendant **Correction Corporation of America** (hereinafter "CCA") was at all times relevant to the claims set forth herein a foreign corporation, duly organized, incorporated in Maryland and existing under the laws of the

District Of Columbia and conducting and doing business therein. CCA is the parent company/owner of CTF, and provides services through a contractual agreement with the District of Columbia through the DC Department of Corrections, to temporarily house, detained, oversee and administer to the District's incarcerated and/or convicted individuals. CCA operates under, and administers a set of policies, practices and customs involving the operation of its facility, as well as the hiring, training and supervision of its employees. As employer of defendant employees owner of CTF, CCA is also liable for their conduct under the theory of *respondeat superior*.

9. At all times relevant herein, defendant, **District of Columbia**, (hereinafter, defendant DC) was a municipal corporation having the authority to sue and be sued. The District of Columbia is in charge of supervising and operating the District of Columbia Department of Corrections (DCDOC), and is the contracting organization for CCA, and as such the DC, was and is responsible for the supervising and overseeing of CCA's policies and procedures as it relates to the supervision and training of CCA's employee's. The District of Columbia through its agents, CCA and/or its officers, operates under and administers a set of policies, rules, practices and customs involving the

searching and detention of its prisoners, the interaction between inmates and staff, as well as the hiring, training and supervision of its corrections officers.

## STATEMENT OF FACTS

10.   On or about November 19, 2004, Ms. Jones who was serving a sentence, was in her neighbor's/friends cell at CCA talking, when the Defendant, Mr. White, who did not normally work that block, entered the cell, informed them that the count was on and told Ms. Jones to return to her own cell.

11.   Ms. Jones complied and returned to her cell. A few minutes later, Mr. White appeared at Ms. Jones's cell door and asked her where her cellmate was. Ms. Jones replied that her cellmate had gone to court that morning.

12.   Upon hearing this, Mr. White stepped into Ms. Jones's cell and commanded that she step back into the shower area of the cell. Ms. Jones who at the time believed her cell was about to be "shook" down, complied.

13.   Ms. Jones stepped back into the shower area, and Mr. White followed him; however, as she was stepping into the shower area and as she turned to face Mr. White, Ms. Jones could see that Mr. White clearly had his penis exposed and in his hands.

14.   Mr. White, who was standing within inches away from Ms. Jones, demanded that Ms. Jones kneel down to the ground and open her mouth.  Ms. Jones, who was very frightened, knelt down and opened her mouth.  Mr. White who had already begun masturbating then forced his penis in Ms. Jones' mouth, continued masturbating forcing Ms. Jones to perform oral sex on him.  All the while this was happened Ms. Jones who was in a very vulnerable position, felt threatened, helpless and confused.  Mr. White continued in this manner until he ejaculated in Ms. Jones' mouth, at which time, Mr. White remove his penis from Ms. Jones' mouth.

15.   As Mr. White removed his penis, some of the sperm from the ejaculation spilled out onto the side of Ms. Jones's face.  Mr. White ordered Ms. Jones to "wipe that shit off of your face," to which Ms. Jones complied by wiping the side of her mouth with the back of one of her hand.  Mr. White then ordered Ms. Jones to step back into her cell area and threatened that she better not "run" her mouth or say anything to anyone and implied that there would be consequences to pay if he did.

16.   Ms. Jones, immediately complied with the commands and Mr. White left the cell to continue on with the count. Immediately after Mr. White left his cell, Ms. Jones the

sperm from Mr. White into a Styrofoam cup that was in the cell. Ms. Jones, who was visible shaken by what had just occurred then sat down on the side of her bed and waited for the count to clear.

17.    A short time later, the officer who switched places with Mr. White during the cross-count came to Ms. Jones' cell. This officer noticed that Ms. Jones was upset and asked her what was wrong. Ms. Jones, who was very reluctant to speak at first after coaxing from the officer, admitted to her what had just happened with Mr. White. Ms. Jones did not want the officer to report the incident; however, the officer informed Ms. Jones that she had to report the incident. Thereafter, the officer reported the incident to her superiors and the police were called to the scene.

18.    When the police arrived, they interviewed Ms. Jones and she told them what happened and showed them the cup with the sperm. During the interview, Ms. Jones described Mr. White, including what he was wearing. The police called the crime scene search division and when they arrived they retrieved the Styrofoam cup, and took samples from the back of Ms. Jones' hand in addition to confiscating some of her clothing.

19. As a result of the sexual assault, Ms. Jones was escorted to the Greater Southeast Hospital and then later to Howard University for examination and medical treatment. When Ms. Jones was transported, her confidential medical file from the jail was sent along with her with the guards who transported him. These records were sealed and for the viewing of Ms. Jones' treating physician only. However, once at the hospital, one of the guards who transported Ms. Jones, unsealed her medical file, opened it up and removed and read the contents. This was done in plain view of Ms. Jones. The information contained within these files was extremely confidential and personal. This same guard later, upon their return to the jail, revealed Ms. Jones' confidential medical history to other staff and inmates at CCA. Ms. Jones was aware of this because once she was returned from the hospital the other inmates and staff were talking, discussing and confronting her about her confidential medical history. Ms. Jones had not experienced such confrontation prior to her trip to the hospital. In addition, immediately upon her return, Ms. Jones was put into solitary isolation (locked down), and remained so until such time as she was transferred to a Federal Institution. During the time of her isolation Ms.

Jones was denied psychological treatment and was in constant fear for her life.

20. Further, while on the scene the police also spoke with Mr. White, who denied the allegations. However, initially Mr. White did cooperate with the police and voluntarily submitted to a strip search. As a result of the search, the police learned that description Mr. Jones had given of Mr. White's underwear was accurate. Mr. White was not arrested immediately, but after additional investigation was conducted, a warrant was issued for his arrest. However, during the time that the investigation was being conducted, Mr. White fled the jurisdiction to New York, but eventually returned and surrendered himself to police.

21. Once in police custody, Mr. White was charged with one count of Sexual Assault of a Ward. Mr. White pled not guilty to the charge. Mr. White was tried before a jury and testified at his trial, which commenced on March 12, 2006 before Judge Eric Christian in the this court. In addition to the compelling witness testimony, the government presented as evidence the DNA results from the sperm samples from the Styrofoam cup and the back of Ms. Jones's hand which was a match to Mr. White. At the conclusion of the trial, the jury found Mr. White guilty.

On July 21, 2006, Mr. White was sentenced to seven (7) years incarceration.

22.    In addition, after the investigation and prosecution of this case had been initiated by the U.S. Attorney's Office, Defendant CCA ignored the request of the U.S. Attorneys and instead of keeping Ms. Jones at the CCA facility, Defendant CCA had Ms. Jones transferred out to a Federal Institution at Schuylkill.    As a result, the government spent several months trying to locate Ms. Jones who was needed to further the prosecution against Mr. White.

23.    Once transferred to Schuylkill, Ms. Jones was "locked down," that is kept in 24 hour isolation the entire time she was there.    Not once while she was at this facility did Ms. Jones ever see regular population.    Ms. Jones remained at Schuylkill until her sentence was completed, and Ms. Jones was serving a year long sentence. During his isolation Ms. Jones was denied psychological counseling or treatment.    In addition, Ms. Jones who was frequently taunted by the guards at Schuylkill regarding what had happened at CTF, was in constant fear for her life.

24.    Ms. Jones made repeated request while she was at Schuylkill in an effort to ascertain why she was being

locked down, however, she never received any response or satisfaction. However, right before her release, it was finally revealed to Ms. Jones by officials at Schuylkill that she was locked down at the request and suggestion of defendant CCA, pursuant to false information submitted to them by the defendant CCA that Ms. Jones had violated bureau regulations.

<u>COUNT I</u>
<b>(Assault/Battery)</b>
<b>(Defendant White, CCA, CTF and District of Columbia)</b>

25. Plaintiff incorporates by reference paragraphs 1-24 as if fully set forth herein.

26. Without provocation or any legal justification, defendants White intentionally attacked, raped and/or sexually assaulted Plaintiff when he forced her to perform oral sex on him. Defendant White further put Plaintiff in fear when he threaten her verbally threatened and with repercussions in order to silence her.

27. As a direct and proximate result of defendants' attack and assault, the Plaintiff was put in fear of immediate bodily harm and sustained serious physical and emotional injuries, severe pain and discomfort; and has suffered physical pain and will continue to suffer permanent psychological harm and mental anguish, including fright, humiliation, shame and mortification.

28. As a further direct and proximate result of defendants' unlawful conduct, the Plaintiff incurred medical and legal expenses.

29. The Defendants CTF, CCA and the District of Columbia are liable for the actions taken by Mr. White in assaulting the plaintiff pursuant to the doctrine of respondeat superior.

WHEREFORE, the plaintiff, Jones, demands judgment against defendants, jointly and severally, in and amount in excess of Two Million Dollars ($2,000,000.00) compensatory damages and punitive damages in excess of Three Million Dollars ($3,000,000.00), plus reasonable attorney's fees and costs.

## COUNT II
### (Intentional Infliction of Emotional Distress)
### (Defendant's White, Doe, Caulfield CTF, CCA and District of Columbia)

30. Plaintiff incorporates by reference paragraphs 1-29 as if fully set forth herein.

31. With deliberate indifference and reckless disregard for plaintiff's rights and with pure malice, defendant White viciously attacked and threatened Plaintiff, ultimately causing her physical and emotional harm.

32.   Defendant's White's actions where extreme and outrageous.

33.   With deliberate indifference and reckless disregard for plaintiff's rights and with pure malice and without justification or permission, defendant John Doe deliberately and cruelly pursued access to plaintiff's personal medical history and revealed said history to others not entitled to said information thereby causing plaintiff to be shunned, ridiculed and ostracized within the prison community.

34.   With deliberate indifference and reckless disregard for plaintiff's rights and with pure malice and without justification, defendant's Caulfield, CCA and CTF deliberately and cruelly caused Plaintiff to be indefinitely and permanently isolated and falsely imprisoned throughout her prison term when they provided the Federal Bureau of Prisons with false information regarding Plaintiff's commitment status and behavior at their facility.

35.   Defendant's Doe, Caulfield, CCA and CTF's actions were extreme and outrageous.

36.   As a direct and proximate result of defendants' outrageous actions, plaintiff has suffered and will continue to suffer severe mental and emotional distress,

pain and suffering and has been forced to incur medical bills.

37.    The Defendants CTF, CCA and the District of Columbia are liable for the actions taken by Defendant's White and Doe pursuant to the doctrine of respondeat superior.

**WHEREFORE,** the plaintiff, Jones, demands judgment against defendants, jointly and severally, in an amount in excess of Two Million ($2,000,000.00) Dollars compensatory damages and punitive damages in an amount in excess of Three Million ($3,000,000.00) Dollars, plus reasonable attorney's fees and costs.

### COUNT III
### (False Imprisonment)
**(Defendant Caulfield, CTF, CCA and District of Columbia)**

38.    Plaintiff incorporates by reference paragraphs 1-37 as if fully set forth herein.

39.    Defendant Caulfield, CTF and CCA wrongfully and illegally had Plaintiff detained in solitary confinement (locked down) when she returned from the hospital and when she was transferred to Schuylkill Federal Penitentiary.

40.    Plaintiff had not committed any infraction to warrant said isolation.

41.    Defendant's did not reasonably believe in good faith that Plaintiff had committed any infraction and in

fact provided false information to the Schuylkill regarding Plaintiff's behavior to cause her to be locked down.

42.    Defendant CTF and CCA's action in illegally holding and locking Plaintiff down without just cause caused directly and proximately caused Plaintiff mental suffering, including fright, shame indignity and disgrace resulting from the false imprisonment.

43.    Defendant District of Columbia are liable for the actions taken by Defendant's CTF and CCA pursuant to the doctrine of respondeat superior and under a theory of agency.

**WHEREFORE**, the plaintiff, Jones, demands judgment against defendants jointly and severally, in an amount in excess of Two Million ($2,000,000.00) Dollars compensatory damages, punitive damages in excess of Three Million ($3,000,000.00) Dollars, plus reasonable attorney's fees and costs

## COUNT IV
**[Negligent Failure to Properly Train, Supervise and Hire]**
**(Defendant Caulfield, CTF, CCA and District of Columbia)**

44.    Plaintiff incorporates by reference the paragraphs 1-43 as if fully set forth herein.

45.    Defendants Caulfield, CTF, CCA and District of Columbia had a duty to properly hire, train, supervise its

employees on the contact and communications with its inmates, the use of force and the procedures for isolating inmates and the handling of inmates confidential records and files.

46. The Defendants Caulfield, CCA, CTF and District of Columbia negligently and recklessly failed to properly train and/or supervise the Defendants White, Doe and Caulfield.

47. The Defendants Caulfield, CCA, CTF and the District of Columbia were negligent in providing adequate and/or proper training and procedures in facing the circumstances which led to this incident.

48. Defendants White and Doe were unfit to serve as correction officers. By their actions or lack thereof, Defendants posed an unreasonable risk of harm to those members of the public or the community who would foreseeably come into contact with the subject premises, which Defendant Caulfield, CCA, CTF and Defendant District of Columbia would and should have known.

49. Defendant Caulfield's, CCA, CTF and the District of Columbia's hiring and retaining of these employees as correction officers was the proximate cause of plaintiff's injuries and damages.

40.    Defendants actions or lack thereof caused Plaintiff's injuries and damages.

41.    As a direct and proximate result of the Defendants, its agents and/or employees acts, Plaintiff has suffered and continues to suffer damages including loss of income and benefits of employment, extreme mental and emotional anguish and distress, as well as permanent psychological harm and mental anguish, including fright, shame, humiliation and mortification.

WHEREFORE, the plaintiff, Jones, demands judgment against defendants jointly and severally, in an amount in excess of Two Million ($2,000,000.00) Dollars compensatory damages, punitive damages in excess of Three Million ($3,000,000.00) Dollars, plus reasonable attorney's fees and costs.

## COUNT V

### [Deprivation of Civil Rights under Color of Law] (Defendant's White, Doe, Caulfield, CTF, CCA and District of Columbia)

42.    Plaintiff incorporates by reference the paragraphs 1-41 as if fully set forth herein.

43.    The actions of White, Doe, CCA, CTF and Defendant District of Columbia's agent and/or employees were taken within the scope and purpose of their employment and were

performed knowingly, intentionally and maliciously, by reason of which plaintiff is entitled to an award of punitive damages. Defendants, White, Doe and Caulfield are duly appointed, employed and acting corrections officers for the CCA and the DCDOC who are agents of the District of Columbia.

44. The Defendants actions arise under the United States Constitution, particularly under the provisions of the Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States, and under federal law, particularly Title 42 of the United States Code, § 1983.

45. Plaintiff had a right to be free from unwarranted assaults, threats, attacks and the use of force while from corrections officers, while in the care and custody of the DCDOC. Defendant White violently attacked and assaulted Plaintiff without just cause.

46. Plaintiff was locked down and placed in solitary isolation for the entire term of her sentence (denied freedom of movement). The Defendants CCA, CTF, Caulfield and the District of Columbia did not inform Plaintiff of the reasons behind the heightened level of detention. This amounted to a cruel and unusual punishment and illegal detention of Plaintiff without due process of law.

47. The right of Plaintiff not to be deprived of life, liberty or property even will incarcerated without due process of law, the right to be free from cruel and unusual punishment and the right to the equal protection of the laws, secured by the Fourteenth Amendment to the U.S. Constitution were violated by Defendants.

48. As a direct and proximate result of the Defendants, its agents and/or employees acts, Plaintiff has suffered and continues to suffer damages including loss of income and benefits of employment, extreme mental and emotional anguish and distress.

WHEREFORE, the plaintiff, Jones, demands judgment against defendants jointly and severally, in an amount in excess of Two Million ($2,000,000.00) Dollars compensatory damages, punitive damages in excess of Three Million ($3,000,000.00) Dollars, plus reasonable attorney's fees and costs.

### Jury Demand

Plaintiff demands a trial by jury on each and every count.

Respectfully Submitted,

Khadijah R. Ali #435367
**LAW OFFICES OF KHADIJAH R. ALI,**
Attorney for Plaintiff
216 G Street, NE
Washington, DC 20002
(202) 548-0016

U.S. POSTAGE
PAID
WASHINGTON
DC 20002
DEC 05
AMOUN
$0.00103

20005

0000

UNITED STATES
POSTAL SERVICE

Return receipt

THE LAW OFFICES OF KHADIJAH R. ALI, P.C.

216 G Street, NE
Washington, DC 20002

CT Corporation
1025 Vermont Ave.
Washington, DC 200005

CALLER

CCH

1025 15th st




