# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TIMOTHY JONES aka THADAS JASPER aka PAMELA JONES,<br><br>   Plaintiff,<br><br> v.<br><br>ROBERT WHITE<br><br>and<br><br>JOHN CAULFIELD, Warden<br>Central Corporation of America<br>(CCA)<br>1901 E. Street, SE<br>Washington, DC 20003<br><br>and<br><br>JOHN DOE<br>1901 E. Street, SE<br>Washington, DC 20003<br><br>and<br><br>CENTRAL TREATMENT FACILITY<br>(CTF)<br>1901 E. Street, SE<br>Washington, DC 20003<br><br>and | Civil Action No. 07-4 (PLF) |

CCA of TENNESSEE, LLC
10 Burton Hill Blvd.
Nashville, TN 37215
Serve:     CT Corporation
            1025 Vermont Ave.
            Washington, D.C. 20005

and

THE DISTRICT OF COLUMBIA
441 4th Street, NW
Washington, DC 20001,

        Defendants.

## ANSWER OF DEFENDANTS DISTRICT OF COLUMBIA AND CORRECTIONS CORPORATION OF AMERICA TO PLAINTIFF'S AMENDED COMPLAINT

Defendants, District of Columbia and Corrections Corporation of America ("CCA"), for its Answer to Plaintiff's Amended Complaint, admits, denies and alleges as follows:

1. These answering Defendants deny each and every allegation of Plaintiff's Amended Complaint which is not specifically admitted, denied or otherwise plead to.

## INTRODUCTION

2. The allegations alleged in Paragraph 1 of Plaintiff's Amended Complaint are characterizations of Plaintiff's claims to which no response is required. To the extent that a response is required, these answering Defendants deny the allegations contained in Paragraph 1 of Plaintiff's Amended Complaint.

## JURISDICTION AND VENUE

3. These answering Defendants admit that the Federal Court has jurisdiction pursuant to 42 U.S.C. § 1983. Defendants deny jurisdiction pursuant to sections 11-921, 13-422 and 13-423 of the District of Columbia Code as asserted in paragraph 2 of Plaintiff's Amended Complaint.

## PARTIES

4. These answering Defendants admit that Plaintiff was an inmate with the District of Columbia Department of Corrections and was detained at the Correctional Treatment Facility as asserted in Paragraph 3 of Plaintiff's Amended Complaint. Defendants are without sufficient knowledge or information as to the truth of the remaining allegations contained in paragraph 3 of Plaintiff's Amended Complaint and therefore, denies the same.

5. In answering paragraphs 4, 5, 6 and 7 of Plaintiff's Amended Complaint, these paragraphs are not directed at these answering Defendants, therefore no response is required and none is given. To the extent paragraph 4 asserts allegations of wrongdoing against these answering Defendants, Defendants deny same.

6. In answering paragraph 8 of Plaintiff's Amended Complaint, these answering Defendants admits that Corrections Corporation of America is a private prison corporation, incorporated in Maryland and doing business in the District of Columbia pursuant to a correctional services contract entered into as between Defendant CCA and the District of Columbia. Defendants further admit that the Correctional Treatment Facility is operated pursuant to a correctional services contract entered into as between Defendant CCA and the District of Columbia. Defendants deny the remaining allegations contained in Paragraph 8 of Plaintiff's Amended Complaint.

7. In answering Paragraph 9 of Plaintiff's Amended Complaint, these answering Defendants admit that the District of Columbia is a municipal entity.

Defendants deny the remaining allegations contained in Paragraph 9 of Plaintiff's Amended Complaint.

## STATEMENT OF FACTS

8. In answering Paragraph 10 of Plaintiff's Amended Complaint, Defendants admit that Plaintiff was incarcerated at Correctional Treatment Facility on November 19, 2004. Defendants deny the remaining allegations contained in Paragraph 10 of Plaintiff's Amended Complaint.

9. Defendants deny the allegations contained in Paragraph 11, 12, 13, 14, 15, 16, 17, 18, 19 and 20 of Plaintiff's Amended Complaint.

10. Defendants are without sufficient knowledge or information as to the truth of the allegations contained in paragraph 21 of Plaintiff's Amended Complaint and therefore, denies the same.

11. Defendants deny the allegations contained in Paragraph 22, 23 and 24 of Plaintiff's Amended Complaint.

## COUNT I

## ASSAULT/BATTERY

12. These answering Defendants incorporate by reference their responses to Paragraphs 1 through 24 of Plaintiff's First Amended Complaint.

13. These answering Defendants do not respond to Paragraph 25 of Plaintiff's Amended Complaint as no allegations are made against these answering Defendants. To the extent that a response is required, the Defendants deny the allegations contained in Paragraph 26 of Plaintiff's Amended Complaint.

14. In answering Paragraph 26 of Plaintiff's Amended Complaint, this paragraph is not directed at these answering Defendants, therefore no response is required

by these Defendants.  To the extent paragraph 26 asserts allegations of wrongdoing against these answering Defendants, Defendants deny same.

15. Defendants deny the allegations contained in Paragraphs 27, 28 and 29 of Plaintiff's Amended Complaint.

## COUNT II

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

16. These answering Defendants incorporate by reference their responses to Paragraphs 1 through 29 of Plaintiff's First Amended Complaint.

17. These answering Defendants do not respond to Paragraph 30 of Plaintiff's Amended Complaint as no allegations are made against these answering Defendants. To the extent that a response is required, the Defendants deny the allegations contained in Paragraph 30 of Plaintiff's Amended Complaint.

18. In answering Paragraphs 31, 32 and 33 of Plaintiff's Amended Complaint, this paragraph is not directed at these answering Defendants, therefore no response is required by these Defendants.  To the extent Paragraphs 31, 32 or 33 asserts allegations of wrongdoing against these answering Defendants, Defendants deny same.

19. These answering Defendants deny the allegations contained in Paragraphs 34, 35, 36 and 37 of Plaintiff's Amended Complaint.

## COUNT III

## FALSE IMPRISONMENT

20. These answering Defendants incorporate by reference their responses to Paragraphs 1 through 37 of Plaintiff's First Amended Complaint.

21. These answering Defendants do not respond to Paragraph 38 of Plaintiff's Amended Complaint as no allegations are made against these answering

Defendants. To the extent that a response is required, the Defendants deny the allegations contained in Paragraph 38 of Plaintiff's Amended Complaint.

22.     These answering Defendants deny the allegations contained in Paragraphs 39, 40, 41, 42 and 43 of Plaintiff's Amended Complaint.

## COUNT IV

### NEGLIGENT FAILURE TO PROPERLY TRAIN, SUPERVISE AND HIRE

23.     These answering Defendants incorporate by reference their responses to Paragraphs 1 through 43 of Plaintiff's First Amended Complaint.

24.     These answering Defendants do not respond to Paragraph 44 of Plaintiff's Amended Complaint as no allegations are made against these answering Defendants. To the extent that a response is required, the Defendants deny the allegations contained in Paragraph 44 of Plaintiff's Amended Complaint.

25.     These answering Defendants deny the allegations contained in Paragraphs 45, 46, 47, 48 49, 40 (sic) and 41 (sic) of Plaintiff's Amended Complaint.

## COUNT V

### DEPRIVATION OF CIVIL RIGHTS UNDER COLOR OF LAW

26.     These answering Defendants incorporate by reference their responses to Paragraphs 1 through 41 (sic) of Plaintiff's First Amended Complaint.

27.     These answering Defendants do not respond to Paragraph 42 (sic) of Plaintiff's Amended Complaint as no allegations are made against these answering Defendants. To the extent that a response is required, the Defendants deny the allegations contained in Paragraph 42 (sic) of Plaintiff's Amended Complaint.

28.     These answering Defendants deny the allegations contained in Paragraphs 43 (sic), 44 (sic), 45 (sic), 46 (sic), 47 (sic) and 48 (sic).

## JURY DEMAND

29.     Defendants District of Columbia and Corrections Corporation of America concur with Plaintiff's demand for a jury trial in this matter.

## AFFIRMATIVE DEFENSES

30.     As a separate defense, and in the alternative, these answering Defendants allege that Plaintiff's First Amended Complaint fails to state a claim upon which relief may be granted.

31.     As a separate defense, and in the alternative, these answering Defendants allege that Plaintiff may have failed to comply with the mandatory reporting requirements of D.C. Code § 12-309 prior to filing suit, thus barring this action.

32.     As a separate defense, and in the alternative, Plaintiff has failed to satisfy all statutory, administrative, procedural and commons law prerequisites to maintaining this cause of action.

33.     As a separate defense, and in the alternative, Plaintiff's claims are barred to the extent they seek relief for events outside the applicable statute of limitations.

34.     As a separate defense, and in the alternative, these answering Defendants allege that the Plaintiff's injuries, losses and damages were the result of the assumption of risk by Plaintiff.

35.     As a separate defense, and in the alternative, these answering Defendants allege that the Plaintiff was negligent, which would diminish or eliminate Plaintiff's right to recovery against these answering Defendants.

36.     As a separate defense, and in the alternative, these answering Defendants allege that the Plaintiff's injuries, losses and damages, if any, were the result of the negligence of someone other than these answering Defendants, thereby reducing or eliminating any damages owed by these answering Defendants.

37. As a separate defense, and in the alternative, these answering Defendants allege that the actions or inactions alleged on the part of these answering Defendants were not the proximate cause of any injuries, losses and damages to Plaintiff.

38. As a separate defense, or in the alternative, these answering Defendants allege that Plaintiff's allegations arose as a result of Plaintiff's own negligence, not the acts or omissions of these answering Defendants, thereby warranting dismissal of this lawsuit.

39. As a separate defense, or in the alternative, these answering Defendants allege that it was acting in good faith, thereby warranting dismissal of this lawsuit.

40. As a separate defense, or in the alternative, these answering Defendants allege that it is entitled to discretionary immunity from suit.

41. As a separate defense, or in the alternative, these answering Defendants allege that Plaintiff may have failed to mitigate his injuries and/or damages.

42. As a separate defense, or in the alternative, these answering Defendants may be entitled to absolute immunity, qualified immunity, governmental immunity, and/or discretionary function immunity.

43. As a separate defense, or in the alternative, the actions of Defendants, its agents, servants and employees were taken in good faith and with reasonable belief in their lawfulness.

44. As a separate defense, or in the alternative, if Plaintiff was injured and/or damaged as alleged in the Complaint, such injuries or damages were the result of his own unlawful, wanton, willful or reckless conduct, sole or contributory negligence, and/or assumption of the risk.

45. As a separate defense, or in the alternative, if Plaintiff was injured and/or damaged as alleged in the Complaint, such injuries or damages were the result of

the wrongful acts of a person or persons other than the Defendants its employees, agents and servants acting within the scope of their employment.

46. As a separate defense, or in the alternative, Plaintiff failed to exhaust his available administrative remedies.

47. As a separate defense, or in the alternative, the District of Columbia claims a set-off against any amount awarded to Plaintiff for the cost and value of any care, treatment or services provided to him by the District of Columbia or its agencies.

48. As a separate defense, or in the alternative, Corrections Corporation of America claims a set-off against any amount awarded to Plaintiff for the cost and value of any care, treatment or services provided to him by CCA and/or the jurisdiction which incarcerates Plaintiff, including but not limited to the Bureau of Prisons and U.S. Marshals.

49. Although these answering Defendants do not presently have facts in support of the following defenses, this Defendant wishes to assert the following defenses should subsequent discovery reveal these defenses are appropriate. Specifically, the following affirmative defenses set forth in Rule 8 and Rule 12, including but not limited to, arbitration and award, assumption of risk, contributory negligence, duress, estoppel, fraud, illegality, laches, release, *res judicata*, statute of frauds, statute of limitations, waiver, insufficiency of process and insufficiency of service of process.

**WHEREFORE**, having fully answered Plaintiff's Amended Complaint, these answering Defendants request that they be dismissed and that they be awarded their reasonable attorneys' fees and costs incurred herein.

Dated: this 8th day of January, 2007.                JONES, SKELTON & HOCHULI, P.L.C.

/s/Jennifer L. Holsman
Daniel P. Struck, Bar No. 012377
Jennifer L. Holsman, Bar No. 022787
2901 North Central Avenue, Suite 800
Phoenix, Arizona 85012
Telephone:   (602) 263-7310
Facsimile:    (602) 200-7858

CARR MALONEY, P.C.
Paul Maloney, Bar #632533
Mariana Brava, Bar # 473809
Colleen Durbin, Bar # 500039
1615 L Street, Suite 500
Washington, D.C. 20036
Telephone:   (202) 310-5500
Facsimile:    (202) 310-5555

Attorneys for Defendants District of Columbia and CCA of Tennessee, LLC

ORIGINAL of the foregoing e-filed
this 8th day of January, 2007, with:

Copy of the foregoing to all parties
via ECF filing system.

/s/Peggy Sue Trakes

1728469.1