**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

TIMOTHY JONES aka THADAS JASPER aka
PAMELA JONES,

        Plaintiff,

   v.

Civil Action No. 07-4 (PLF)

ROBERT WHITE

and

JOHN CAULFIELD, Warden
Central Corporation of America
(CCA)
1901 E. Street, SE
Washington, DC 20003

and

JOHN DOE
1901 E. Street, SE
Washington, DC 20003

and

CENTRAL TREATMENT FACILITY
(CTF)
1901 E. Street, SE
Washington, DC 20003

and

CENTRAL CORPORATION OF AMERICA
(CCA)
10 Burton Hill Blvd.
Nashville, TN 37215
Serve:  CT Corporation
      1025 Vermont Ave.
      Washington, DC 20005

and

1732603.1

| |
|---|
| THE DISTRICT OF COLUMBIA<br>441 4th Street, NW<br>Washington, DC 20001,<br><br>        Defendants. |

## ANSWER OF DEFENDANT JOHN CAULFIELD TO PLAINTIFF'S AMENDED COMPLAINT

Defendant, John Caulfield, for his Answer to Plaintiff's Amended Complaint, admits, denies and alleges as follows:

1. This answering Defendant denies each and every allegation of Plaintiff's Amended Complaint which is not specifically admitted, denied or otherwise plead to.

### INTRODUCTION

2. The allegations alleged in Paragraph 1 of Plaintiff's Amended Complaint are characterizations of Plaintiff's claims to which no response is required. To the extent that a response is required, This answering Defendant denies the allegations contained in Paragraph 1 of Plaintiff's Amended Complaint.

### JURISDICTION AND VENUE

3. This answering Defendant admits that the Federal Court has jurisdiction pursuant to 42 U.S.C. § 1983. Defendant denies jurisdiction pursuant to sections 11-921, 13-422 and 13-423 of the District of Columbia Code as asserted in Paragraph 2 of Plaintiff's Amended Complaint.

### PARTIES

4. This answering Defendant admits that Plaintiff was an inmate with the District of Columbia Department of Corrections and was detained at the Correctional Treatment Facility as asserted in Paragraph 3 of Plaintiff's Amended Complaint.

Defendant is without sufficient knowledge or information as to the truth of the remaining allegations contained in Paragraph 3 of Plaintiff's Amended Complaint and therefore, denies the same.

5. In answering Paragraph 4 of Plaintiff's Amended Complaint, this Paragraph is not directed at this answering Defendant, therefore no response is required and none is given. To the extent Paragraph 4 asserts allegations of wrongdoing against this answering Defendant, Defendant denies same.

6. In answering Paragraph 5 of Plaintiff's Amended Complaint, Defendant John Caulfield admits that he is currently the Warden at the Correctional Treatment Facility. Defendant denies the remaining allegations contained in Paragraph 5 of Plaintiff's Amended Complaint.

7. In answering Paragraphs 6, 7, 8 and 9 of Plaintiff's Amended Complaint, these Paragraphs are not directed at this answering Defendant, therefore no response is required and none is given. To the extent Paragraphs 6, 7, 8 and 9 assert allegations of wrongdoing against this answering Defendant, Defendant denies same.

## STATEMENT OF FACTS

8. In answering Paragraph 10 of Plaintiff's Amended Complaint, Defendant admits that Plaintiff was incarcerated at Correctional Treatment Facility on November 19, 2004. Defendant denies the remaining allegations contained in Paragraph 10 of Plaintiff's Amended Complaint.

9. Defendant denies the allegations contained in Paragraph 11, 12, 13, 14, 15, 16, 17, 18, 19 and 20 of Plaintiff's Amended Complaint.

10. Defendant is without sufficient knowledge or information as to the truth of the allegations contained in Paragraph 21 of Plaintiff's Amended Complaint and therefore, denies the same.

11.     Defendant denies the allegations contained in Paragraph 22, 23 and 24 of Plaintiff's Amended Complaint.

## COUNT I

### ASSAULT/BATTERY

12.     This answering Defendant incorporates by reference his responses to Paragraphs 1 through 24 of Plaintiff's First Amended Complaint.

13.     This answering Defendant does not respond to Paragraph 25 of Plaintiff's Amended Complaint as no allegations are made against this answering Defendant. To the extent that a response is required, the Defendant denies the allegations contained in Paragraph 26 of Plaintiff's Amended Complaint.

14.     In answering Paragraphs 26, 27, 28 and 29 of Plaintiff's Amended Complaint, this Paragraph is not directed at this answering Defendant, therefore no response is required by this Defendant. To the extent Paragraphs 26, 27, 28 and 29 asserts allegations of wrongdoing against this answering Defendant, Defendant denies same.

## COUNT II

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

15.     This answering Defendant incorporates by reference his responses to Paragraphs 1 through 29 of Plaintiff's First Amended Complaint.

16.     This answering Defendant does not respond to Paragraph 30 of Plaintiff's Amended Complaint as no allegations are made against this answering Defendant. To the extent that a response is required, the Defendant denies the allegations contained in Paragraph 30 of Plaintiff's Amended Complaint.

17.     In answering Paragraphs 31, 32 and 33 of Plaintiff's Amended Complaint, this Paragraph is not directed at this answering Defendant, therefore no

response is required by this Defendant. To the extent Paragraphs 31, 32 or 33 asserts allegations of wrongdoing against this answering Defendant, Defendant denies same.

18. This answering Defendant denies the allegations contained in Paragraphs 34, 35, 36 and 37 of Plaintiff's Amended Complaint.

### COUNT III

### FALSE IMPRISONMENT

19. This answering Defendant incorporates by reference his responses to Paragraphs 1 through 37 of Plaintiff's First Amended Complaint.

20. This answering Defendant does not respond to Paragraph 38 of Plaintiff's Amended Complaint as no allegations are made against this answering Defendant. To the extent that a response is required, the Defendant denies the allegations contained in Paragraph 38 of Plaintiff's Amended Complaint.

21. This answering Defendant denies the allegations contained in Paragraphs 39, 40, 41, 42 and 43 of Plaintiff's Amended Complaint.

### COUNT IV

### NEGLIGENT FAILURE TO PROPERLY TRAIN, SUPERVISE AND HIRE

22. This answering Defendant incorporates by reference his responses to Paragraphs 1 through 43 of Plaintiff's First Amended Complaint.

23. This answering Defendant does not respond to Paragraph 44 of Plaintiff's Amended Complaint as no allegations are made against this answering Defendant. To the extent that a response is required, the Defendant denies the allegations contained in Paragraph 44 of Plaintiff's Amended Complaint.

24. This answering Defendant denies the allegations contained in Paragraphs 45, 46, 47, 48 49, 40 (sic) and 41 (sic) of Plaintiff's Amended Complaint.

## COUNT V

## DEPRIVATION OF CIVIL RIGHTS UNDER COLOR OF LAW

25. This answering Defendant incorporates by reference his responses to Paragraphs 1 through 41 (sic) of Plaintiff's First Amended Complaint.

26. This answering Defendant does not respond to Paragraph 42 (sic) of Plaintiff's Amended Complaint as no allegations are made against this answering Defendant. To the extent that a response is required, the Defendant denies the allegations contained in Paragraph 42 (sic) of Plaintiff's Amended Complaint.

27. This answering Defendant denies the allegations contained in Paragraphs 43 (sic), 44 (sic), 45 (sic), 46 (sic), 47 (sic) and 48 (sic).

## JURY DEMAND

28. Defendant John Caulfield concurs with Plaintiff's demand for a jury trial in this matter.

## AFFIRMATIVE DEFENSES

29. As a separate defense, and in the alternative, this answering Defendant alleges that Plaintiff's First Amended Complaint fails to state a claim upon which relief may be granted.

30. As a separate defense, and in the alternative, this answering Defendant alleges that Plaintiff may have failed to comply with the mandatory reporting requirements of D.C. Code § 12-309 prior to filing suit, thus barring this action.

31. As a separate defense, and in the alternative, Plaintiff has failed to satisfy all statutory, administrative, procedural and commons law prerequisites to maintaining this cause of action.

32. As a separate defense, and in the alternative, Plaintiff's claims are barred to the extent they seek relief for events outside the applicable statute of limitations.

33. As a separate defense, and in the alternative, this answering Defendant alleges that the Plaintiff's injuries, losses and damages were the result of the assumption of risk by Plaintiff.

34. As a separate defense, and in the alternative, this answering Defendant alleges that the Plaintiff was negligent, which would diminish or eliminate Plaintiff's right to recovery against this answering Defendant.

35. As a separate defense, and in the alternative, this answering Defendant alleges that the Plaintiff's injuries, losses and damages, if any, were the result of the negligence of someone other than this answering Defendant, thereby reducing or eliminating any damages owed by this answering Defendant.

36. As a separate defense, and in the alternative, this answering Defendant alleges that the actions or inactions alleged on the part of this answering Defendant were not the proximate cause of any injuries, losses and damages to Plaintiff.

37. As a separate defense, or in the alternative, this answering Defendant alleges that Plaintiff's allegations arose as a result of Plaintiff's own negligence, not the acts or omissions of this answering Defendant, thereby warranting dismissal of this lawsuit.

38. As a separate defense, or in the alternative, this answering Defendant alleges that it was acting in good faith, thereby warranting dismissal of this lawsuit.

39. As a separate defense, or in the alternative, this answering Defendant alleges that it is entitled to discretionary immunity from suit.

40. As a separate defense, or in the alternative, this answering Defendant alleges that Plaintiff may have failed to mitigate his injuries and/or damages.

1732603.1

41. As a separate defense, or in the alternative, this answering Defendant may be entitled to absolute immunity, qualified immunity, governmental immunity, and/or discretionary function immunity.

42. As a separate defense, or in the alternative, the actions of Defendants, its agents, servants and employees were taken in good faith and with reasonable belief in their lawfulness.

43. As a separate defense, or in the alternative, if Plaintiff was injured and/or damaged as alleged in the Complaint, such injuries or damages were the result of his own unlawful, wanton, willful or reckless conduct, sole or contributory negligence, and/or assumption of the risk.

44. As a separate defense, or in the alternative, if Plaintiff was injured and/or damaged as alleged in the Complaint, such injuries or damages were the result of the wrongful acts of a person or persons other than the Defendants its employees, agents and servants acting within the scope of their employment.

45. As a separate defense, or in the alternative, Plaintiff failed to exhaust his available administrative remedies.

46. As a separate defense, or in the alternative, the District of Columbia claims a set-off against any amount awarded to Plaintiff for the cost and value of any care, treatment or services provided to him by the District of Columbia or its agencies.

47. As a separate defense, or in the alternative, Corrections Corporation of America claims a set-off against any amount awarded to Plaintiff for the cost and value of any care, treatment or services provided to him by CCA and/or the jurisdiction which incarcerates Plaintiff, including but not limited to the Bureau of Prisons and U.S. Marshals.

48. Although this answering Defendant does not presently have facts in support of the following defenses, this Defendant wishes to assert the following defenses should subsequent discovery reveal these defenses are appropriate. Specifically, the

following affirmative defenses set forth in Rule 8 and Rule 12, including but not limited to, arbitration and award, assumption of risk, contributory negligence, duress, estoppel, fraud, illegality, laches, release, *res judicata*, statute of frauds, statute of limitations, waiver, insufficiency of process and insufficiency of service of process.

**WHEREFORE**, having fully answered Plaintiff's Amended Complaint, this answering Defendant request that they be dismissed and that they be awarded their reasonable attorneys' fees and costs incurred herein.

Dated: this 29th day of January, 2007.          JONES, SKELTON & HOCHULI, P.L.C.


/s/Jennifer L. Holsman
Daniel P. Struck, Bar No. 012377
Jennifer L. Holsman, Bar No. 022787
2901 North Central Avenue, Suite 800
Phoenix, Arizona 85012
Telephone:   (602) 263-7310
Facsimile:   (602) 200-7858

CARR MALONEY, P.C.
Paul Maloney, Bar #632533
Mariana Brava, Bar # 473809
Colleen Durbin, Bar # 500039
1615 L Street, Suite 500
Washington, D.C. 20036
Telephone:   (202) 310-5500
Facsimile:   (202) 310-5555

Attorneys for Defendants District of Columbia and CCA of Tennessee, LLC, John Caulfield

ORIGINAL of the foregoing e-filed
this 29th day of January, 2007, with:

Copy of the foregoing to all parties via ECF filing system.

/s/Peggy Sue Trakes

1732603.1